**UNITED STATES of America**

v.

**Harry W. PREBISH et al.**

No. 68-55-Cr.

United States District Court
S. D. Florida,
Miami Division.

March 5, 1969.

———◆———

William A. Meadows, Jr., U.S.Atty., Michael J. Osman and Donald I. Bierman, Asst.U.S.Attys., and William G.

Earle, Justice Department Attorney, Miami, Fla., for the United States.

Daniel S. Pearson, of Pearson & Josefsberg, Miami, Fla., and Chester Bedell, Jacksonville, Fla., for defendant Prebish.

Joseph A. Varon, Hollywood, Fla., for defendant Pollack.

R. J. Beckham, of Beckham & McAliley, Miami, Fla., for defendant Weinstein.

**ORDER ON MOTION TO POSTPONE "POISONOUS TREE" HEARING**

ATKINS, District Judge.

On September 20, 1968, this Court entered its Order granting certain motions to suppress defendants' testimony given before the Grand Jury, 290 F.Supp. 268. The constant companion to an order of suppression is that botanical phenomenon, the "poison fruit tree." The defendants urge that a large portion of the evidence the government intends to use at trial is not admissible by reason of its origin in the suppressed grand jury testimony. Defendants seek a pretrial hearing to determine the purity of this government evidence. Quite naturally, the government opposes a pretrial poisonous tree hearing for tactical reasons and moves that the hearing be held subsequent to trial. The time at which such hearing shall be held is within this court's discretion. Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939).

There are many advantages to postponing the poisonous tree hearing until after trial. These have been definitively enumerated by Judge Herlands of the Southern District of New York in a well written opinion. United States v. Birrell, 269 F.Supp. 716 (1967). In that case a motion to suppress had been granted and the constitutional purity of the government's prospective trial proof was questioned. In holding that a poisonous tree hearing would be held after trial the Court cited

the following reasons: The possibility that a hearing might not be necessary by reason of defendants' acquittal; the avoidance of pretrial publicity; the government's awareness of the liabilities of using tainted evidence; the elimination of consideration of evidence which might not be used at trial and the accompanying saving in judicial time and resources. This Court finds all of the above reasons directly applicable to the instant case and having carefully considered argument and memoranda, hereby orders that the poisonous tree hearing be conducted after the jury's verdict is returned in the trial of this cause, assuming such a verdict does not make the need for the hearing moot.