**UNITED STATES of America, Plaintiff,**

v.

**Eqbal AHMAD et al., Defendants.**

**Crim. No. 14950.**

United States District Court, M. D. Pennsylvania.

Nov. 12, 1971.

See also D.C., 53 F.R.D. 186.

Ramsey Clark, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

HERMAN, District Judge.

Defendants have filed a "Motion for Disclosure of Electronic Surveillance, for a Pre-Trial Hearing, to Suppress Evidence and to Dismiss the Indictment."[1] In their motion they seek an order compelling the United States, pursuant to Federal Rules of Criminal Procedure 16 and 41, and the Fourth, Fifth, and Sixth Amendments to the United States Constitution, first, to disclose to the defendants any and all results of wiretapping, bugging, electronic, or other similar surveillance of defendants or of coconspirators, or of defense attorneys, and of certain other persons, conducted at any place that the defendants had "a reasonable expectation of privacy," listing some 200 such places where defendants allege they had this expectation, with a caveat that the list was not exhaustive, and listing another 100-odd places where counsel and others had such expectation. The motion also seeks results of much other surveillance including that of any wire or oral communications in which any party thereto is unidentified; the disclosure of such surveillance conducted by any state or local agency or any private person or corporation, and the surveillance of wire or oral communication to which a party to the communication has consented.[2]

Secondly, the motion asks for an evidentiary hearing prior to trial to determine if the government has given defendants all that they have asked for in the first part of the motion; to determine the standing of all defendants to raise the issue of the legality of any

Daniel J. McAuliffe, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

1. Originally filed to No. 14886 and after a superseding indictment was filed to No. 14950 and the original indictment dismissed, the motion with two additional defendants, Mary Cain Scoblick and John Theodore Glick joining was filed to the present number, No. 14950, and adopted by all defendants.

2. The complete request for the surveillance information which is far too broad and detailed to be included in this opinion, is set forth in an Appendix.

said surveillance; to determine the legality of any of the said surveillance; and to determine the extent to which said surveillance "tainted the evidence upon which the indictment is based and which the government intends to use at trial."

In the third part of the motion defendants inferentially seek to suppress any evidence "resulting from the use of unlawful surveillance."

Finally, the motion asks that the indictment be dismissed if the hearing should disclose that it was returned as a result of illegally obtained evidence.

The government opposes the motion in its entirety, admitting, however, that conversations of Glick, one of the defendants, were overheard by the Federal Government during the course of an electronic surveillance expressly authorized by the President acting through the Attorney General, which the government contends was lawful. The government further admits that conversations which probably were of McAlister, another defendant, were overheard by the same type of electronic surveillance, which also the government contends was lawful. The government avers also that these overhearings were in no way related to the issues in this case and that there will be no evidence produced at trial that was derived therefrom.

Except as indicated below, we will deny at this time the defendants' motion generally but reserve to them or any of them the right to renew such motion after trial.

We do not mean to infer that defendants are not entitled to disclosure of illegally obtained evidence to which they have standing to object, nor to the suppression at trial of such evidence, and we will direct the government to scrupulously avoid the introduction at trial of any evidence it might have secured as a result of any unlawful act. The government well knows that it has a heavy burden of conducting a trial free from untainted trial evidence and the Government Attorney has acknowledged this

and has stated in his brief that a review of the records of the Department of Justice reveals no overhearings of any of the defendants except Glick, and possibly McAlister, as we have hereinabove noted, and as to these he earlier represented that these conversations were in no way related to the facts of this case.

■■ We will suppress, however, the use by the government of any and all evidence obtained by the government as a direct result of the wiretaps or electronic surveillance of conversations of Glick or McAlister. See, United States v. United States District Court for Eastern District of Michigan, Southern Division, 444 F.2d 651, 6th Cir. 1971, now on appeal to the United States Supreme Court; United States v. Hilliard, Cr. No. 69–141, May 4, 1971, N.D.Cal.; United States v. Smith, 321 F.Supp. 424 (C.C.D. Cal.1971); United States v. Donghi, Cr. No. 1970–81, N.D.N.Y. 1971. An in camera examination of logs of such conversations by the court is not a valid substitute for an adversary hearing thereon even though we believe that they contain nothing relevant to this case, Alderman v. United States, 394 U. S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), and we cannot accept the government's statement that there is no arguable relevancy in such conversations. We will, however, accept the government's representation that no other defendants' conversations have been overheard, especially since defendants offer nothing substantial to refute the government's representations. See, Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); United States v. Addonizio, 313 F.Supp. 486 (D.N.J. 1970), aff'd, 451 F.2d 49 (3d Cir. 1971).

Defendants rely on Alderman, *supra;* 18 U.S.C. § 2518(10), the Omnibus Crime Control and Safe Streets Act of 1968, Title III § 802, 82 Stat. 197; and Rules 16(a) and 41(e) Fed.R.Crim.P. for their request for a pre-trial hearing to determine if there were other illegal surveillances. None of these authorities require a hearing before trial, nor can we, as defendants suggest, find such re-

quirement in In re Egan, 450 F.2d 199 (3d Cir. 1971).

■ The time for such hearing is discretionary with the court, Nardone v. United States, *supra*; and in nearly all cases where the matter has been considered it has been held that a post-trial hearing was preferable if required at all. *See*, United States v. Addionzio, *supra*; United States v. Nolan, 420 F.2d 552 (5th Cir. 1969), *cert. denied*, 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 47 (1970); United States v. Prebish, 47 F.R.D. 578 (S.D.Fla., Miami Div. 1969); United States v. McCarthy, 292 F.Supp. 937 (S.D.N.Y. 1968); United States v. Birrell, 269 F.Supp. 716 (S.D.N.Y. 1967). In the Birrell case, as restated in Prebish at 579, of 47 F.R.D. the advantages for postponing the hearing until after trial, among others, were, found to be " . . . the possibility that a hearing might not be necessary by reason of defendants' acquittal; the avoidance of pretrial publicity; the government's awareness of the liabilities of using tainted evidence; the elimination of consideration of evidence which might not be used at trial and the accompanying saving in judicial time and resources."

It is quite likely that a hearing on the question of the possibility of discovering unlawful electronic surveillance in the light of defendants' very broad motion would take longer than the trial itself and in reality could approximate a double trial. A conspiracy case by its very nature makes it most difficult to determine relevancy of each parcel of evidence as the case unfolds and this conceivably could give rise to a post-trial hearing even though a pre-trial hearing had been held. United States v. Birrell, *supra*; United States v. McCarthy, *supra*.

Considering all of the factors in this case the court concludes that any inquiry into the issue of taint if such inquiry is needed is best left until after the trial, and at that time whatever disclosure is required will be ordered.

■ Turning now to that part of the motion concerning the indictment, the indictment will not be quashed.

After a post-trial hearing, if one is required, defendants may renew their motion to dismiss the indictment and at that time the court can properly rule thereon. In Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956), in denying defendant's motion to dismiss an indictment because it was allegedly based on incompetent evidence, the court said:

"If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury."

The court was then urged to "establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence," but the court declined, saying, at 364, 76 S.Ct. at 409:

"It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial."

In both United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), and Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1959), similar motions were denied where the allegations were that Fifth Amendment privileges were violated. We find the principle enunciated in

these cases equally applicable to Fourth Amendment privileges advanced by the defendants here.

Except as indicated herein, the motion of defendants for Disclosure of Electronic Surveillance, for a Pre-Trial Hearing, to Suppress Evidence and to Dismiss the Indictment will be denied.

## APPENDIX

(n.2—Defendants complete request for surveillance information)

"(1) Any and all actual voice records, tapes, mechanical of electronic recordings, and any and all logs, records, memoranda, letters and airtels, of any wiretapping, bugging, electronic or other similar surveillance,

(a) of any wire or oral communications to which any defendant was a party;

(b) of any wire or oral communications at the premises of any defendants;

(c) of any wire or oral communications at any place in which any defendant had an 'interest' at the time of the surveillance; 'interest' meaning any property right in the place or any other nexus of use and reasonable expectation of privacy;

(d) of any wire or oral communications placed under surveillance for the purpose, in whole or in part, in gathering evidence or leads against any defendant;

(e) of any wire or oral communications at any place at which any defendant was present at the time of the surveillance;

(f) of any wire or oral communications in which any party to same is unidentified,

(g) of any wire or oral communications in which a defendant or named co-conspirator is named or otherwise referred to.

(2) Any and all actual voice records, etc. and any and all logs, etc. of any surveillance of any wire or oral communications described in (1) (a)–(f), *supra,* as to any unindicted co-conspirators;

(3) Any and all actual voice records, etc. and any and all logs, etc. of any wiretapping, bugging electronic or other similar surveillance of any wire or oral communications: (a) to which any attorney for defendants, his agents or employees was a party; (b) any conversation at which any such persons were present; and (c) at the homes or offices of any such person;

(4) Any and all logs, records, memoranda, letters, and airtels of any surveillance of wire or oral communication such as are described in (1), (2) and (3), *supra,* which surveillance revealed the existence of said conversation but not necessarily the contents;

(5) The demands for disclosure (1)– (4), *supra,* embrace surveillance undertaken not only by the United States, its agents and employees but by any governmental agency—state or local—and by any private person or corporation; and further embrace any surveillance of wire or oral communication to which a party to that communication allegedly 'consented';

(6) For any surveillance as described in (1)–(5), *supra,* for which there are no logs, memoranda, letters, records, or airtels the names and business addresses of the persons who conducted said surveillance or who have knowledge of said surveillance;

(7) For any surveillance requested (1)–(6), *supra,* which this Court might deny the demand for the logs, memoranda, records or airtels of same, the existence and circumstances of same; 'circumstances' is meant to include date and place of the surveillance, who was present at said place, who conducted said surveillance, the manner in which it was conducted and all other relevant facts;

(8) The demands made *supra* seek not only disclosure of surveillance presently known to the government but that which

in the exercise of due diligence may become known thereto;

(9) Defendants further demand all applications, affidavits, memoranda and other papers submitted in support of applications for executive, administrative or judicial approval of such surveillance as described *supra*, (1)–(8), and all administrative, judicial and executive orders, opinions and decisions responsive thereto or relating to items (1) through (8);

(10) Defendants further request disclosure of all airtels, letters, records, memoranda or other written material which incorporates or makes reference to, either explicitly or implicitly, the product of any surveillance as described (1) through (9) *supra,* or makes reference, either explicitly or implicitly, to any surveillance as described (1) through (9) *supra.*

Defendants further respectfully move this Court for an Order of continuing disclosure of the items sought *supra* under Federal Rule of Criminal Procedure 16(g) and any applicable local rule or rules."