**In re Thomas CALI**

v.

**UNITED STATES of America, Appellant.**

**No. 72-1100.**

United States Court of Appeals, First Circuit.

Argued June 6, 1972.

Decided July 19, 1972.

Shirley Baccus-Lobel, Atty., Dept. of Justice, with whom Joseph L. Tauro, U. S. Atty., Edward F. Harrington, Albert F. Cullen, Jr., and Sidney M. Glazer, Attys., Dept. of Justice, were on brief, for appellant.

Charlotte Anne Perretta, Boston, Mass., with whom Joseph S. Oteri, Kevin M. Keating, and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

The appellee, Thomas Cali, having been called to testify before a grand jury, moved to suppress the contents and fruits of wire and oral communications intercepted by the government. The motion, made in the district court pursuant to 18 U.S.C. §§ 2515 and 2518(10) (a), was based primarily on the allegation that the government had failed to comply with 18 U.S.C. § 2516.[1] That section requires that either the Attorney General or a specially designated Assistant Attorney General authorize applications for the interception of wire communications. In the instant case the application was reviewed and authorized by Sol Lindenbaum, the Executive Assistant to the Attorney General. The district court granted appellee's motion, and pursuant to 18 U.S.C. § 2518(10) (b) the government brought this appeal. The threshold question, and the only one we reach, is whether a motion to suppress is available to a grand jury witness.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510–2520) provides a comprehensive scheme for the regulation of wiretapping and electronic surveillance. Wire and oral communications obtained in violation of the statutory provisions, and the fruits of such unlawful interceptions, may not be introduced before a grand jury or other enumerated forums. 18 U.S.C. § 2515.[2] Other sections of the Act detail the remedies for those aggrieved by unlawful interceptions: § 2518(10) (a) provides for motions to suppress, § 2511 for criminal sanctions, and § 2520 for civil relief. Also, in the recent case of Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (June 26, 1972), the Supreme Court approved the raising of a § 2515 violation in defense to a contempt citation.

It is the interpretation of § 2518(10) (a) which concerns us here. That section provides, in pertinent part:

"Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom . . . ."

---

1. The appellee was aware of the wiretap due to the notification required by 18 U.S.C. § 2518(8) (d).

2. Section 2515 provides in full:
   "*Prohibition of use as evidence of intercepted wire or oral communications.*
   "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

There is no contention that the appellee is not an "aggrieved person."[3] Also, on the face of the statute, proceedings before grand juries might be thought to be included, as a grand jury is arguably an "authority of the United States" and the motion to suppress would be a "proceeding in or before any court." However, the specific omission of "grand jury" from this section is significant when the language is compared to that of § 2515, see note 3 *supra,* and when the legislative history is consulted. A comparison of the two sections makes the omission of "grand jury" from § 2518(10) (a) obvious and glaring, and congressional concern is manifest in the Senate report which accompanied the bill:

> "[Section 2518(10) (a)] must be read in connection with sections 2515 and 2517, discussed above, which it limits. It provides the remedy for the right created by section 2515. Because no person is a party as such to a grand jury proceeding, the provision does not envision the making of a motion to suppress in the context of such a proceeding itself. Normally, there is no limitation on the character of evidence that may be presented to a grand jury, which is enforcible by an individual. (Blue v. United States, 384 U.S. 251, 86 S.Ct. 1416 [16 L.Ed.2d 518] (1965).) There is no intent to change this general rule. It is the intent of the provision only that when a motion to suppress is granted in another context, its scope may include use in a future grand jury proceeding." S.Rep. No. 1097, 90th Cong., 2d Sess., 106 (1968), U.S.Code Cong. & Admin. News, p. 2195.

It is therefore beyond dispute that the omission of "grand jury" was both intentional and significant.[4]

In Gelbard v. United States, *supra,* the Court examined the omission without deciding the availability of motions to suppress evidence to witnesses before a grand jury. The majority opinion stated:

> "The congressional concern with the applicability of § 2518(10) (a) in grand jury proceedings, so far as it is discernible from the Senate report, was apparently that defendants and potential defendants might be able to utilize suppression motions to impede the issuance of indictments . . . .
>
> .   .   .   .   .   .   .
>
> The asserted omission of grand jury proceedings from § 2518(10) (a) may well reflect congressional acceptance of that procedure[5] as adequate in these cases . . . . Although the Government points to statements in the Senate report to the effect that § 2518(10) (a) 'limits' § 2515, we read those statements to mean that suppression motions, as a method of enforcing the prohibition of § 2515, must be made in accordance with the restrictions upon forums, procedures, and grounds specified in § 2518(10) (a)." 408 U.S. at 59, 92 S.Ct. at 2367. (Footnote supplied; original footnote omitted.)

The opinion refrained from holding that motions to suppress were unavailable to grand jury witnesses and relied instead on 28 U.S.C. § 1826 as authorizing a contempt defense based on 18 U.S.C. § 2515. The four dissenting Justices, looking to the statutory scheme and legislative history, argued, *inter alia,* that motions to suppress could not

---

3. An "aggrieved person" is one "who was a party to any intercepted wire or oral communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

4. The legislative history also explains the only other deletion of proceedings listed in § 2515 from § 2518(10) (a), *viz.* "legislative committees." "Nor is there any in-

tent to grant jurisdiction to Federal courts over the Congress itself." S.Rep. No. 1097, 90th Cong., 2d Sess. 106 (1968), U.S.Code Cong. & Admin.News, p. 2195.

5. The phrase "that procedure" refers to the situation in which a witness interposes an alleged violation of § 2515 as a defense in a contempt proceeding.

be made in the context of grand jury proceedings. The dissent noted that prior to the Omnibus Act grand jury witnesses were not entitled to suppression hearings, and that Congress did not intend to alter this rule.[6]

Although the *Gelbard* majority opinion does not provide explicit precedent to guide our statutory interpretation, we find that the language, context, and legislative history of § 2518(10) (a) mandate the conclusion that Congress has not authorized such suppression procedures for grand jury witnesses. We are mindful that prior to *Gelbard*, some courts [7] contended that the Senate report's citation to Blue v. United States, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed. 2d 510 (1966) somehow limited or weakened the language: "the provision does not envision the making of a motion to suppress in the context of [a grand jury] proceeding . . . ." No case has been called to our attention, nor have we found any, in which a witness has been permitted to suppress evidence before a grand jury. It is hardly surprising therefore that the closest authority the Senate could find was Blue.[8] Nor do we find the quoted language sufficiently ambiguous to lend substance to the argument that because motions to suppress are made in court rather than before the grand jury, they are authorized by § 2518(10) (a). The Court did not decide this question. While footnote 20 of the majority opinion [9] suggests the distinction, we find the dissent's analysis compelling on this issue.[10]

We therefore hold that, whatever rights a witness may have in a defense

6. Mr. Justice Rehnquist, writing for the dissenters, stated: "[Section] 2515 contains a basic proscription of certain conduct, but does not attempt to specify remedies or rights arising from a breach of that proscription; the specification of remedies is left to other sections. Other sections provide several remedies; criminal and civil sanctions are imposed by §§ 2511 and 2520, whereas § 2518(10) (a) accords a right to a suppression hearing in specified cases. Thus the fact that one who may be the victim of alleged unlawful surveillance on the part of the Government is not accorded an *Alderman-type* suppression hearing under the provisions of § 2518(10) (a) is not left remediless to such a degree that it must be presumed to have been an oversight; he is remitted to the institution of civil proceedings, or the filing of a complaint leading to the institution of a criminal prosecution. While the latter two remedies may not be as efficacious in many situations as a suppression hearing, the remission of an aggrieved party to those remedies certainly does not render nugatory the general proscription contained in § 2515." 405 U.S. at ——, 92 S.Ct. at 2377.

7. *See* In re Evans, 452 F.2d 1239, 1245–46 (D.C.Cir. 1971), cert denied, 408 U.S. 930, 92 S.Ct. 2479, 33 L.Ed.2d 342 (1972); In re Egan, 450 F.2d 199, 205–206 (3d Cir. 1971), aff'd, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972).

8. *See also* Gelbard v. United States, *supra* at 408 U.S. at 7, 92 S.Ct. at 2373, (Mr. Justice Rehnquist dissenting),

"Whatever Blue v. United States, *supra*, may be said to 'hold' after careful analysis by this Court, the drafters of the Senate Report undoubtedly took it to stand for the proposition for which they cited it."

9. "This assertion [in the Senate report that § 2518(10) (a) does not envision the making of a motion to suppress in the context of a grand jury proceeding] is not unambiguous, for motions to suppress evidence to be presented to a grand jury would presumably be made in court." 408 U.S. at 59, 92 S.Ct. at 2367, n. 20.

10. "The omission of 'grand jury' from the designated forums in § 2518(10) (a) is not explainable on the basis that though the testimony is sought to be adduced before a grand jury, the motion to suppress would actually be made in a court, which is one of the forums designated in § 2518(10) (a). The language 'in any trial, hearing, or proceeding before' quite clearly refers to the forum in which the testimony is sought to be adduced. . . . 
"[I]f Congress in § 2518 had intended to focus on the forum in which the hearing as to the legality of the subpoena is to be determined, rather than the forum in which the testimony is sought to be adduced, it would have omitted not only grand juries, but departments, officers, agencies, and regulatory bodies as well from the coverage of § 2518(10) (a). For questions as to the legality of subpoenas issued by all these bodies are resolved in the courts. . . ." 408 U.S. at 81, 92 S.Ct. at 2377.

to a contempt proceeding, he may not anticipate such a proceeding by bringing a motion to suppress evidence before the grand jury. This result strikes a balance between the requirements of the federal wiretap statute and the efficient functioning of the grand jury. It allows the grand jury to proceed, uninterrupted by lengthy suppression hearings unless and until the power to compel testimony is invoked. The aggrieved grand jury witness is not left without remedies for the unlawful interception. While remedies other than suppression may be less efficacious in protecting individual rights, it must be remembered that the Omnibus Act provides greater protection than previously existed.

The order of the district court is reversed and the motion to suppress is denied.