Habold Birus, J.
The District Attorney moves for an order directing a witness, Mr. George George, to appear and testify before the Third Grand Jury for the April 1973 Term, impaneled by this court.
This Grand Jury is engaged in a far-reaching inquiry to determine whether the crimes of conspiracy, grand larceny by extortion, and bribe-receiving by labor officials have occurred and are taking place in this county. Specifically, the Grand Jury is seeking to determine whether certain individuals, including labor union officials, organized criminal elements and others, through the unlawful use of influence, conspired to cause certain supermarket chain stores to purchase meat at inflated prices.
The witness, Mr. George George, has appeared before the Grand Jury, pursuant to subpoena, and was sworn as a witness.
The Assistant District Attorney in charge of the investigation, Franklin Snitow, Esq., has stated in open court that the witness was granted immunity under the applicable provisions of our Criminal Procedure Law. Nevertheless, the witness, Mr. George, refused to give testimony before said Grand Jury.
In oral argument before this court, counsel for the witness, Marvin Segal, Esq., justified his client’s refusal to testify on the ground that his client believed that the basis for questions put to him could be found in intercepted telephonic communications in which his client was a participant, that his privacy was therefore improperly invaded in violation of his" Fourth Amendment rights, and that before his client should be required to answer the said questions, a hearing should be ordered by this court on the issue of the legality of eavesdropping.
In answer to this engaging argument, the District Attorney conceded that electronic eavesdropping was utilized and handed up to the court numerous court orders authorizing the said eavesdropping. The District Attorney, however, maintains that the relief sought by the defendant, namely, “ a full blown suppression hearing”, at this time is premature and not warranted.
*361 This court has examined the said orders which in every instance hut one were authorized by this court. In the sole exception, the remaining order was authorized by another Supreme Court Justice.
Counsel for the witness relies upon Gelbard v. United States (408 U. S. 41). The District Attorney points to the more recent case of People v. Mulligan (40 A D 2d 165) and this court directs counsel’s attention to Matter of Cali v. United States (464 F. 2d 475 [1st Cir.]).
In Gelbard, it was held that a Federal Grand Jury witness could invoke the illegality of electronic eavesdropping as a defense to a contempt charge for refusal to testify on the ground of the illegality of the inquiry spurred by the illegal eavesdropping (cf. People v. De Salvo, 32 N Y 2d 12 [March 15, 1973]).
With possible prophetic vision as to the nature of the case now before this court, Associate Justice White of the United States Supreme Court, in his concurrence in Gelbard (supra, p. 70), declared:
“I agree with the court * * * that at least where the United States has intercepted communications without a warrant in circumstances where court approval was required, it is appropriate in construing and applying 28 U. S. C. § 1826 not to require the grand jury witness to answer and hence further the plain policy of the wiretap statute. * * *
‘ ‘ Where the Government produces a court order for the interception, however, and the witness nevertheless demands a full-blown suppression hearing to determine the legality of the order, there may be room for striking a different accommodation between the due functioning of the grand jury system and the federal wiretap statute. Suppression hearings in these circumstances would result in protracted interruption of grand jury proceedings.”
On December 7 last, the Appellate Division of this Department focused upon the issue posed by Justice White, in an appeal by a defendant from a conviction of criminal contempt (People v. Mulligan, 40 A D 2d 165, supra). In that matter the defendant, prior to trial but after indictment by a Grand Jury, moved for an evidentiary hearing to suppress evidence on the alleged illegality of eavesdropping in which he was involved as a participant.
In noting that New York’s eavesdropping sections were intended, when enacted, to harmonize State law on electronic surveillance with Federal law, the court in Mulligan (supra, p. 166) analyzed the Gelbard decision (supra) and the Cali deci *362 sion (supra) and made the following observation: “ In Cali v. United States (464 F. 2d 475) the court construed the Gelbard decision and the language and legislative history of the applicable Federal statutes and concluded that, whatever rights a witness may otherwise have in defense to a contempt proceeding, he cannot move to suppress evidence before a Grand Jury. The rationale for such a holding is that a balance must be struck between the due functioning of the Grand Jury system and a defendant’s rights under the eavesdropping statutes. We would agree that grand jury proceedings should not be interrupted by protracted suppression hearings. (Cf. People v. Costello, 21 N Y 2d 967.) Accordingly, if the defendant herein had moved for such relief when he was a witness, it could not have been properly granted.” The Appellate Division stated, however, that when a witness becomes a defendant he may have the relief which is now sought by the witness before the bar. A Grand Jury witness (p. 167) “ is entitled to await the formal accusation and service of the required notice before moving for appropriate relief. It is only then that an inquiry could be appropriately made as to whether or not the questions asked by the Grand Jury were based on information acquired as the result of an improperly issued electronic .surveillance order. And if they were, then this defendant cannot be convicted for his refusal * to answer any legal and proper interrogatory ’ (Penal Law, § 215.51)”.
In Cali (464 F. 2d 475, 478, supra), where eavesdropping was apparently authorized, the iCourt of Appeals made the following declaration, which is also appropriate here: ‘‘ whatever rights a witness may have in a defense to a contempt proceeding, he may not anticipate such a proceeding by bringing a motion to suppress evidence before the grand jury. This result strikes a balance between the requirements of the federal wiretap statute and the efficient functioning of the grand jury. It allows the grand jury to proceed, uninterrupted by lengthly suppression hearings unless and until the power to compel testimony is invoked. ■ The aggrieved grand jury witness is not left without remedies for the unlawful interception.” (See, also, People v. Breindel, 73 Misc 2d 734.)
Today the judicial process is confounded by an inability to harmonize speedy trials and multiple motions. Attractive and sophisticated refinements of law — if they continue to demand and receive priority — will serve only to hypnotize and paralyze the criminal justice system. The Mulligan and Cali decisions *363 (supra) strike a needed balance between the competing demands of the public interest and the legal rights of the defendant.
Under the circumstances outlined above, the defendant’s assertion for refusing to testify in the Grand Jury now is without legal basis. Accordingly, the witness, Mr. George George, is hereby directed to reappear before the Grand Jury on Monday, April 9,1973, at 11:00 a.m., to answer such questions which may appropriately be asked of him in connection with the subject matter of the inquiry.