Bernard Tomson, J.
Petitioner moved by way of a show cause order to vacate a subpoena requiring his appearance before the Grand Jury. On March 30,1973, the petitioner’s application was orally denied.
One of the points raised by the petitioner presents a case of first impression in New York. This issue was inferentially reached in dicta to be found in Matter of Cali v. United States (464 F. 2d 475) and People v. Mulligan (40 A D 2d 165). (Cf. Gelbard v. United States, 408 U. S. 41.) Precisely stated, the question is: May a witness, subpoenaed to testify before a Grand Jury, move to vacate a subpoena on the ground that “ the questions to be propounded before the Grand Jury [may be] based on illegal electronic surveillance including but not limited to wire tapping.” (Transcript of oral argument, March 30, 1973, p. 3). This application is novel since the petitioner is seeking to vacate a subpoena prior to his appearance before the Grand Jury.
The United States Court of Appeals, First Circuit, in Matter of Cali v. United States (supra), presented a situation very close to that here. In Cali, the court held that a Grand Jury witness does not have standing to suppress wiretapping and electronic surveillance evidence that is before a Grand Jury. The court stated (pp. 478-479): “ We therefore hold that, whatever rights a witness may have in a defense to a contempt proceeding, he may not anticipate such a proceeding by bringing a motion to suppress evidence before the grand jury. This result strikes a balance between the requirements of the federal wiretap statute and the efficient functioning of the grand jury. It allows the grand jury to proceed, uninterrupted by lengthy suppression hearings unless and until the power to compel testimony is invoked. The aggrieved grand jury witness is' not left without remedies for the unlawful interception. While remedies other than suppression may be less efficacious in protecting individual rights, it must be remembered that the Omnibus Act provides greater protection than previously existed.”
*9 In People v. Mulligan (40 A D 2d 165, supra), the defendant, the subject of electronic surveillance, applied, after indictment for criminal contempt, for an evidentiary hearing on the legality of eavesdropping. The dicta in Mulligan, which adopted the holding in Cali, would determine the issue here. The court in Mulligan stated (pp. 166-167): “ The rationale for such a holding is that a balance must be struck between the due functioning of the Grand Jury system and a defendant’s rights under the eavesdropping statutes. We would agree that grand jury proceedings should not be interrupted by protracted suppression hearings [citation omitted]. Accordingly, if the defendant herein had moved for such relief when he was a witness, it could not have been properly granted.”
If the language in Mulligan were here applied, the petitioner would not have been permitted to interrupt the Grand Jury proceedings to test the validity of any eavesdropping evidence. Obviously, therefore, he should not be permitted to delay the Grand Jury proceedings by an application to vacate the Grand Jury subpoena.
The holding in Cali and-the spirit of Mulligan require such a result. The application is denied.