Theodore A. Kelly, J.
This is an application by William O’Brien and Joseph Pagano (the witnesses) for an order canceling and vacating Grand Jury subpoenas.
On June 5,1973, the witnesses appeared pursuant to subpoena before the February 1973 Term of the Rockland County Grand Jury, as extended, which was then investigating the purchasing practices and awarding of contracts by the Forth Rockland School District. Upon their appearance, the witnesses were instructed that they would receive transactional immunity from any answers given to questions propounded to them by the Grand Jury through its counsel. After being sworn, the witnesses refused to answer any questions.
It has been conceded by the District Attorney that the witness Pagano has been the subject of court-supervised electronic eavesdropping and that certain of his conversations have been intercepted. The witnesses now seek an order vacating and canceling their subpoenas on the grounds that the prospective interrogation is the product of illegal eavesdropping. They seek a full hearing to determine the legality of the eavesdropping. In support of this contention they rely upon the decision of the *304 United States Supreme Court in Gelbard v. United States (408 U. S. 41) and United States v. Egan (408 U. S. 41).
In Gelbard, the Supreme Court reversed a judgment of the Court of Appeals for the Ninth Circuit which had affirmed a judgment of the United States District Court for the Central District of California, finding petitioners in contempt, pursuant to subdivision (a) of section 1826 of title 28 of the United States Code, for their refusal to answer questions before a Grand Jury. Petitioners had contended that the questions were based upon intercepted communications and refused to answer until such time as they were afforded an opportunity to challenge the legality of the interception.
In Egan, the Supreme Court affirmed a judgment of the Court of Appeals for the Third Circuit which had reversed a judgment of the United States District Court for the Middle District of Pennsylvania, finding respondents in contempt, pursuant to subdivision (a) of section 1826 of title 28 of the United States Code for their refusal to answer questions before the Grand Jury. In Egan, respondents had likewise contended that the questions were based upon information overheard from respondents by means of the Government’s illegal wiretapping and electronic surveillance.
Subdivision (a) of section 1826 expressly limited an adjudication of civil contempt to the case of a grand jury witness who refused, without just cause, to comply with an order of the court to testify. The issue presented, therefore, was whether a witness before a Federal Grand Jury, who refused to testify because his interrogation would be predicated upon unlawfully intercepted communications, could invoke the sanction of the Federal statute (U. S. Code, tit. 18, § 2515) as a defense to a prosecution for civil contempt. The majority ruled that he could. However, the issue of whether a suppression hearing could be had during a Grand Jury proceeding when the prosecution was in possession of an eavesdropping order, was left open for future consideration in the concurring opinion of Justice White.
In Cali v. United States (464 F. 2d 475), the United States Court of Appeals construed the Gelbard decision in a situation akin to that presented herein. In determining that a Grand Jury witness does not have standing to suppress wiretapping and electronic surveillance evidence that is before a Grand Jury, the court in Cali stated the following (pp. 478-479): “We therefore hold that, whatever rights a witness may have in a defense to a contempt proceeding, he may not anticipate such a proceed *305 ing by bringing a motion to suppress evidence before the grand jury. This result strikes a balance between the requirements of the federal wiretap statute and the efficient functioning of the grand jury. It allows the grand jury to proceed, uninterrupted by lengthy suppression hearings unless and until the power to compel testimony is invoked. ’ ’
The Appellate Division, First Department of this State has concurred with the conclusion that Grand Jury proceedings should not be interrupted by protracted suppression hearings (see People v. Mulligan, 40 A D 2d 165). While the Mulligan case involved a motion to suppress evidence obtained by wiretapping after the defendant had been indicted for criminal contempt, the court adopted the holding of Cali in the following language: “We would agree that grand jury proceedings should not be interrupted by protracted suppression hearings. (Cf. People v. Costello, 21 N Y 2d 967.) Accordingly, if the defendant herein had moved for such relief when he was a witness, it could not have been properly granted.” (People v. Mulligan, supra, pp. 166-167.)
The court also pointed out that the defendant, in such a situation, is not without a remedy. He is entitled' to await the formal accusation and service of the required notice, before moving for appropriate relief. It is only then that he may appropriately inquire as to whether or not the questions asked by the Grand Jury were based upon information acquired as the result of an improperly issued electronic surveillance order. If they were, then the defendant could not be convicted for his refusal to answer since the interrogatory would not have been “ legal and proper ” as required by section 215.51 of the Penal Law.
Applying this reasoning to the facts herein, the witnesses would not have been permitted to interrupt the Grand Jury proceeding in order to test the validity of the eavesdropping evidence. Accordingly, they may not now delay the Grand Jury proceedings by an application to “ cancel and vacate ” their Grand Jury subpoenas.
The motion is denied.