**In the Matter of the Grand Jury Subpoena of Fred VIGORITO et al.**

**No. 73–C–1880.**

United States District Court,
E. D. New York.

Jan. 2, 1974.

On Application for Reconsideration
Jan. 14, 1974.

Gustave H. Newman, New York City, for the movants Fred Vigorito, Alexander Noce and Diego Asaro.

Fred F. Barlow, Sp. Atty., U. S. Dept. of Justice, Brooklyn, N. Y. (Edward J. Boyd, V, Asst. U. S. Atty., Denis E. Dillon, Brooklyn, N. Y., Attorney in Charge, of counsel) for the Government.

MEMORANDUM AND ORDER

DOOLING, District Judge.

The moving parties, it is not denied, are persons whose conversations have

been intercepted and recorded while they were at the Highway Lounge; the interceptions were made by concealed microphones put in place under an 18 U.S.C. § 2518 order made on April 12, 1973, and extended on May 3, 1973, and May 24, 1973. The moving parties were in September 1973 served with the inventory and notice required by 18 U.S.C. § 2518(8)(d). On November 30, 1973, after service of Grand Jury subpoenas directed to obtaining exemplars of their voices, the moving parties gave tape recordings of their voices to the United States Attorney in the understanding that they could be compared with recordings of the conversations made under the Section 2518(8)(d) orders referred to above. United States v. Dionisio, 1973, 410 U.S. 1, 93 S.Ct. 764, 35 L. Ed.2d 67. They now move for a hearing to determine the existence and validity of the orders authorizing the interceptions, and, upon such hearing, for an order suppressing the use of the intercepted conversations before the Grand Jury or for comparison with the recordings of their voices given to the United States Attorney. The motion is based on 18 U.S.C. § 2515 and Rule 41.

■ 18 U.S.C. § 2515 forbids the use of intercepted oral communications and evidence derived from them before any grand jury, and, unless it is intended that the only safeguard against transgression of that prohibition shall be the *ex parte* judge's review of the material submitted to him to support the order for interception, it would appear that persons evidently exposed to indictment based on the use of intercepted conversations before the grand jury, should have a means of determining that the interception orders were issued and were issued upon a showing that met the standards of Section 2518. It may be that the rights outlined in 18 U.S.C. § 2518(10) are not available, for its language does not include the words "grand jury", as does the language of Section 2515; it may be that, for the same reason, Section 2517(3) neither authorizes nor forbids disclosure of the contents of

such tape recordings to the grand jury by a witness familiar with their contents. Notwithstanding the absence of a specific statutory remedy, it is evident here that the search and seizure are complete and, it appears, the moment of use is at hand, and that the right of use is conditional upon the validity of the order. Within the limits indicated in United States v. Sultan, 2d Cir. 1972, 463 F.2d 1066 at 1069–1070 (and note United States v. Lam, 2d Cir. 1973, 483 F.2d 1202), it is concluded, the moving parties have the right to have the orders and supporting affidavits disclosed to their counsel so that he may determine whether or not to advise a contest of the validity of the orders. *See* United States v. Calandra, 6th Cir. 1972, 465 F.2d 1218, 1223, cert. granted, 2/20/73, .410 U.S. 925, 93 S.Ct. 1357, 35 L.Ed.2d 585; *Cf.* Gelbard v. United States, 1972, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179. But *see* Cali v. United States, 1st Cir. 1972, 464 F.2d 475. In view, however, of the nature of the investigation counsel may not disclose the contents of the affidavits to the moving parties; at this stage non-disclosure to them does not diminish the utility of the disclosure in the service of any appropriate challenge to the sufficiency of the showing made by the affidavits. At least in the first instance the issue is whether or not a showing sufficient under Section 2518 was made to the *ex parte* judge to warrant the making of the interception orders. The issue is not, at this stage, whether at a hearing the Government could by testimony establish the existence of probable cause or the moving parties, by evidence, show an absence of probable cause.

It is accordingly

Ordered that no use be made before any grand jury of any of the tape recordings taken pursuant to the orders of April 12, May 3 and May 24, 1973, of conversations of or implicating the moving parties, or any matter derived from them, or any use of the voice exemplars, until after disclosure to counsel for the moving parties (subject to the restric-

tion on further disclosure to the moving parties set forth above) of the orders and the supporting papers and the expiration thereafter of a reasonable time for such counsel to proceed further with the present motion to suppress the use of the intercepted matter, matter derived from it and the voice exemplars.

## ON APPLICATION FOR RECONSIDERATION

It is now suggested that the order heretofore made must be set aside in light of United States v. Calandra, 1974, 42 L.W. 4104, which has held that a witness called before Grand Jury has no constitutional right to refuse to answer questions based on the unconstitutional seizure of his records. *Calandra* expressly did not reach the implementation of 18 U.S.C. § 2515. *See* 42 L.W. at 4109 fn. 11; Gelbard v. United States, 1972, 408 U.S. 41, 60–61.

The application for reconsideration is denied.

It is so ordered.