# UNITED STATES *v.* BLUE.

No. 531.   Argued April 21, 1966.—Decided May 23, 1966.

*Solicitor General Marshall* argued the cause for the United States. With him on the brief were *Acting Assistant Attorney General Roberts, Nathan Lewin* and *Joseph M. Howard.*

*Ernest R. Mortenson* argued the cause and filed a brief for appellee.

MR. JUSTICE HARLAN delivered the opinion of the Court.

In 1962 the appellee, Ben Blue, was informed by the Internal Revenue Service that he might be criminally prosecuted for violation of the federal income tax laws. The following year the Service made jeopardy assessments against Blue, his wife, and his wholly owned corporation for tax liability for the years 1958 to 1960 inclusive; the known assets of all three were seized and tax liens recorded. Internal Revenue Code of 1954, §§ 6321–6323, 6331, 6861. Statutory notices were then issued giving Blue 90 days within which to file petitions if he wished to contest the proposed deficiencies in the Tax Court, I. R. C. § 6213, and Blue filed petitions setting forth his position and alleging errors in the Commissioner's determination of deficiencies. More than a year later the Government initiated the present criminal case by a six-count indictment charging Blue with wilfully attempting to evade personal income taxes for the years 1958 through 1960 and with filing false returns for his corporation during the same years. I. R. C. §§ 7201, 7206 (1).

Blue filed a pretrial motion seeking dismissal of the indictment on several grounds. After a hearing the District Court granted the motion. The court stated orally that because of the jeopardy assessment and Tax Court proceeding Blue "has been compelled and will be compelled to come forward on the same matters as are con-

cerned in this criminal case, to testify against himself . . . ."[1] The Government filed a notice of appeal and the case was docketed in the Court of Appeals for the Ninth Circuit. Determining that the District Court had sustained a "motion in bar, when the defendant has not been put in jeopardy" so that a direct appeal lay to this Court,[2] the Court of Appeals certified the case to us, 350 F. 2d 267, and we postponed jurisdiction, 382 U. S. 971. We agree that this Court has jurisdiction over the appeal and, on the merits, reverse the decision of the District Court.

Since Blue had not yet been brought to trial and put in jeopardy when dismissal occurred, see *United States v. Celestine,* 215 U. S. 278, 283, our jurisdiction under the statute is secure if the motion sustained by the District Court was a motion in bar. See, *supra,* n. 2. This in

---

[1] The court stated that it based the dismissal "on that ground alone." It rejected a claim that the seizure of property and recording of tax liens had prevented Blue from preparing an adequate defense by depleting his resources. It did not expressly consider Blue's claim that there is an administrative practice of making no assessments in advance of criminal proceedings and that failure to extend the policy to him was a denial of due process.

[2] 18 U. S. C. § 3731 (1964 ed.) provides in part:

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

. . . . .

"From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

. . . . .

"If an appeal shall be taken pursuant to this section to any court of appeals which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the case to the same extent as if an appeal had been taken directly to that Court."

turn depends on "the effect of the ruling sought to be reviewed," *United States* v. *Hark,* 320 U. S. 531, 536, and not on how the pleading is styled or on whether it is ultimately sustained on appeal. Like the Court of Appeals, we take the dismissal in this case as a ruling that absent reversal on review future prosecution of Blue on the pending counts is forever barred. While there are slight ambiguities in language, the District Court's dismissal was grounded in what it found to be past compulsory self-incrimination and in its apparent belief that this mischief could not be undone save by turning back the clock through ending the prosecution.

Because the dismissal by its own force would "end the cause and exculpate the defendant," *United States* v. *Hark,* 320 U. S., at 536, rather than merely abate the prosecution on account of some normally curable defect, one requisite of a motion in bar is met. Whether it is a further requisite that the motion introduce "new matter" in the fashion of a plea by way of confession and avoidance need not here be decided. See *United States* v. *Mersky,* 361 U. S. 431, 441, 453 (separate opinions disagreeing on this point). For in this instance Blue unquestionably relied on new matter in alleging self-incrimination, so the motion qualifies even under the more stringent definition. Thus under either view of a motion in bar taken in *Mersky,* this case qualifies for direct review. Our conclusion on the jurisdictional issue is further supported by two analogous decisions of this Court treating claims of *statutory* immunity as pleas in bar which permitted direct appeal. *United States* v. *Hoffman,* 335 U. S. 77; *United States* v. *Monia,* 317 U. S. 424.

On the merits of the case, we do not believe that the District Court should have dismissed the indictment. The Government has argued that the statements made by Blue in his Tax Court petitions were no more than

successive denials of the alleged underpayments and do not constitute incriminating evidence. The Government has also intimated that by merely providing the occasion for the filing of Blue's petitions in fulfilling its statutory duty to make jeopardy assessments and send deficiency notices, it ought not be regarded as compelling the taxpayer to incriminate himself within the meaning of the Fifth Amendment. There is no need, however, to consider these or other contentions that may point in the same direction.

Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial.[3] While the general common-law practice is to admit evidence despite its illegal origins, this Court in a number of areas has recognized or developed exclusionary rules where evidence has been gained in violation of the accused's rights under the Constitution, federal statutes, or federal rules of procedure. *Weeks* v. *United States,* 232 U. S. 383; *Rogers* v. *Richmond,* 365 U. S. 534; *Mapp* v. *Ohio,* 367 U. S. 643; *Nardone* v. *United States,* 308 U. S. 338; *Mallory* v. *United States,* 354 U. S. 449. Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book.

---

[3] It does not seem to be contended that tainted evidence was presented to the grand jury; but in any event our precedents indicate this would not be a basis for abating the prosecution pending a new indictment, let alone barring it altogether. See *Costello* v. *United States,* 350 U. S. 359; *Lawn* v. *United States,* 355 U. S. 339; 8 Wigmore, Evidence § 2184a, at 40 (McNaughton rev. 1961).

We remand this case to the District Court to proceed on the merits, leaving Blue free to pursue his Fifth Amendment claim through motions to suppress and objections to evidence. It is not entirely clear from Blue's brief and argument whether he seeks to sustain the dismissal below on other grounds that the District Court did not accept. See, *supra,* n. 1. Putting to one side jurisdictional difficulties this course might encounter under the direct-review statute,[4] we believe it is fairer to all to regard no other grounds as presented, thus reserving to Blue the opportunity to articulate them plainly and support them by the record.

*Reversed and remanded.*

---

[4] See Stern & Gressman, Supreme Court Practice § 2–11, at 31–33 (1962); Friedenthal, Government Appeals in Federal Criminal Cases, 12 Stan. L. Rev. 71, 97–100 (1959).