**Robert J. BUTLER**

v.

**Robert L. PHINNEY, District Director, Internal Revenue Service.**

**Civ. A. No. 70–H–1392.**

United States District Court,
S. D. Texas,
Houston Division.

April 6, 1971.

Motion for Rehearing Denied
April 26, 1971.

J. Edwin Smith, Houston, Tex., for plaintiff.

James Gough, Asst. U. S. Atty., Houston, Tex., for defendant.

SEALS, District Judge.

### MEMORANDUM AND ORDER

Plaintiff in this action seeks to enjoin the Internal Revenue Service from collecting wagering taxes assessed against plaintiff for parts of 1963 and 1964. Plaintiff contends that the Government's

collection efforts constitute an attempt to penalize him for exercising his constitutional privilege against self-incrimination. The case is before the court on the Government's motion to dismiss.

In his reply to the Government's motion to dismiss, plaintiff asks the court to postpone a final ruling pending the outcome of United States v. United States Coin and Currency in Amount of $8,674.00, Donald Angelini, 393 F.2d 499 (C.A.7, 1968), now awaiting decision in the Supreme Court. A favorable ruling in *Angelini* will not, however, avail plaintiff here, since that case involves the question of forfeiture of property whose use violates federal law. In the case at bar, forfeiture is not an issue; the Internal Revenue Service is merely attempting to collect taxes due upon plaintiff's wagering activities under 26 U.S.C. § 4401.

■■ Plaintiff asserts that the Second Circuit's decision in Pizzarello v. United States, 408 F.2d 579 (C.A.2, 1969) authorizes this court to enjoin the Government from collecting the taxes at issue. In determining what special circumstances compel a court to hold inapplicable the provisions of 26 U.S.C. § 4421, which prohibit an action to restrain the assessment or collection of taxes, *Pizzarello* cites the criteria set forth by the Supreme Court in Enochs v. Williams Packing & Nav. Co., 370 U. S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), that injunction is proper where it is clear that under no circumstances can the Government ultimately prevail *and* where equity jurisdiction otherwise exists. Plaintiff has met neither of these requirements.

Rather than clear evidence that the Government cannot ultimately prevail in collecting these taxes, the court finds much evidence that plaintiff cannot reasonably expect to prevail. The cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) held only that a properly asserted claim of the privilege against self-incrimination precludes any conviction for criminal liability. *Marchetti* and *Grosso* do not involve the issue of the civil enforceability of the wagering tax.

Furthermore, plaintiff has not shown that he is without legal recourse. His remedy is to pay the tax on one wager, submit a claim for refund, and, when the claim is denied, sue for his refund. The Government would be prohibited by United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966) from utilizing against plaintiff in a criminal proceeding any incriminating statement made by plaintiff at his tax refund trial. Likewise, since these wagering transactions occurred in 1963 and 1964, any possibility of State criminal prosecution has been long foreclosed by the three year statute of limitations.

Plaintiff has thus failed to meet both of the Supreme Court's requirements in Enochs v. Williams Packing & Nav. Co., supra. Accordingly, plaintiff's motion for injunctive relief or, in the alternative, to postpone a decision in this action, should be, and it is hereby denied. Defendant's motion to dismiss is granted and this action is in all things dismissed, with prejudice.

Clerk will file this Memorandum and Order and provide counsel with true copies.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING

■ In this motion for rehearing, plaintiff for the first time makes the assertion that the assessments made on him are barred by the three year statute of limitations on federal tax assessments, 26 U.S.C. § 6501(a). The Government counters this argument with a caveat to that provision, 26 U.S.C. § 6501(c) (3), to the effect that, if a person fails to file a tax return, the tax may be assessed at any time, without regard to limitations. In any case where a person required by the statute fails to file a return, the Internal Revenue Code

authorizes the Secretary of the Treasury to "make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. § 6020(b).

Plaintiff submits, however, that Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), as well as the Supreme Court's recent decision in United States v. United States Coin and Currency in the amount of $8,764.-00, Donald Angelini, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), precludes the Government's reliance on § 6020(b), because plaintiff, under those decisions, has been relieved of the obligation to file the requisite returns. But none of the three cases reach such a result. In *Angelini*, Mr. Justice Harlan reiterated that in *Marchetti* and *Grosso*, the Court held

> "that a Fifth Amendment privilege could be raised as a defense to a criminal prosecution charging failure to file the required forms. Since it was only this method of tax collection which was subject to constitutional objection, we indicated that the Government remained free to collect taxes due under the statute so long as it did not attempt to punish the taxpayer for his failure to file the required documents." Id., at 717, 91 S.Ct. at 1043.

Angelini went no further than to sanction the taxpayer's Fifth Amendment privilege in proceedings to forfeit a sum of money for failure to *file* a tax return *or* to pay the required tax. *Angelini*, supra, at 722, fn. 10, 91 S.Ct. 1041. To state that the Government may not constitutionally *prosecute* a person who has failed to submit a tax return is not to void the requirement, for purposes of § 6020(b), that the taxpayer *file* a return.

Such semantic quibbling is critical in the situation of the case at bar. Failure to file authorizes the Secretary to submit the return on the taxpayer's behalf, based on such information as is available to him. Such method of assessing the tax appears to be the kind of reasonable alternative which the Court in *Marchetti* and *Grosso* held that the Government remains free to pursue. The taxpayer retains his privilege against self-incrimination and, at the same time, the Government is not required to abandon its lingering belief in the ultimate collectability of the wagering tax.

Plaintiff's additional grounds for a rehearing in this action were dealt with in the Memorandum and Order of this court dated April 6, 1971. Having now considered plaintiff's newly raised contention, and, having reconsidered its previous ruling, the court remains convinced that dismissal was the proper course of action in this case. Accordingly, plaintiff's motion for rehearing is in all things denied.