PER CURIAM.
Petitioners, Frank Cobo, Fred Azrack, Vine Williams, and Annie N. Williams, petitioned this court for a writ of certiorari to review orders rendered in each of the above-entitled matters by the Circuit Court of the Seventh Judicial Circuit of Florida for Volusia County dated March 22, 1973, denying their motions to strike and suppress all evidence obtained in Dade County, Florida, through the use of court-authorized wiretaps during the periods from July 26, 1972, to August 25, 1972, and from September 4, 1972, to September 18, 1972, on the grounds that such wiretaps were not authorized nor procured in accordance with the essential requirements of law and, therefore, were in violation of the petitioners’ constitutional and statutory rights. *235 By their petitions the petitioners also move the court for a constitutional writ staying all further proceedings being conducted by the grand jury presently impaneled and in session in Volusia County, Florida, where it is engaged in an investigation concerning matters relating to the intercepted verbal and oral communications sought to be suppressed.
Being of the view that the petitions and motions filed in each of these proceedings stated a prima facie case for relief prayed, this court issued its writ of certiorari to review the orders of the trial court of which complaint is made, and in addition issued its constitutional writ staying further proceedings before the grand jury in the Circuit Court of Volusia County concerning the intercepted wire and oral communications insofar as they pertain to the petitioners herein pending further order of this court. The petitioners were directed to file briefs on the issues made by the petitions and directed that the causes proceed in due course on an expedited time schedule.
The court has now had an opportunity to consider the pleadings, supporting documents, and briefs filed by the parties and is of the opinion that the orders challenged by petitioners herein which denied their motions to strike and to suppress the intercepted oral and wire communications, the validity of which the petitioners seek to challenge, were properly rendered and are free from error. We base our conclusion upon the conviction that under the statute here involved, F.S., Chapter 934, F.S.A., petitioners as witnesses summoned to appear and testify before the grand jury have no legal standing to challenge the legality of the court-authorized telephonic communications involved herein by a motion to suppress such intercepted communications at this stage of the proceeding.
The writs of certiorari having been improvidently issued, they are hereby severally discharged, the petitions dismissed, and the constitutional stay writs heretofore issued are hereby dissolved. A formal opinion setting forth in detail the issues, findings, conclusions, and the authorities relied upon by the court will be filed at an early date.
CARROLL, DONALD K., Acting C. J., and RAWLS and WIGGINTON, JJ., concur.
FORMAL OPINION
PER CURIAM.
By petitions for writ of certiorari, Frank Cobo, Fred Azrack, Vine Williams, and Annie N. Williams, his wife, seek a review of the trial court’s order denying their motions to suppress and an evidentiary hearing upon said motions.
Petitioners allege that in the months of July and September, during 1972, the Honorable James C. Adkins, Jr., one of the Justices of the Supreme Court of Florida, entered orders authorizing wiretaps on a telephone located in Dade County, Florida, which orders restricted the police agencies conducting the wiretap to obtain evidence of bribery and conspiracy to commit bribery. Pursuant to an order of transfer, the Grand Jury of Volusia County, Florida, began conducting an investigation utilizing evidence obtained as a result of the authorized wiretaps. Petitioners were subpoenaed by the grand jury as witnesses, and at this stage of the proceeding they filed in the Circuit Court of Volusia County motions to suppress evidence. The subject motions alleged that petitioners were “aggrieved” persons within the purview of Section 934.-09, Florida Statutes, F.S.A.; that the orders of authorization and approval under which the wire and oral communications were intercepted were not properly issued; the communications were unlawfully intercepted in that they were not in conformity with the Constitutions of the United States of America and of the State of Florida; that all of the wire and oral communications were not intercepted in conformity with the orders of authorization and ap *236 proval in that the search being conducted was general in nature seeking information for any and all types of alleged potential crimes and was not being conducted for fruits of a crime heretofore committed; insufficient probable cause existed for the orders of authorization and approval in that the affidavits on their face were insufficient; the applications fail to demonstrate the necessity and need for wire or oral communication interceptions; and that Chapter 934 of the Florida Statutes, F.S. A., is unconstitutional. In a separate action, which was consolidated by order of this court, petitioner Cobo sought to suppress any evidence of a crime not specifically enumerated in the wiretap law obtained by a court-authorized wiretap from being considered by a grand jury. Concurrent with their petitions for writs of certiorari, petitioners moved for a constitutional stay pending this court’s consideration of their petitions; writs of certiorari were issued and constitutional stay was granted. Upon due consideration of the petitions, this court entered its per curiam opinion discharging the writs of certiorari and dissolving the constitutional stay, stating therein that a formal opinion would be filed setting forth the issues, findings, conclusions, and authorities relied upon; hence, this opinion.
Petitioners Cobo, Azrack, Vine Williams, and Annie Williams, in Case No. T-79, pose the following point:
“Does a witness summoned before a Grand Jury to testify concerning wiretap interceptions, have the right to challenge the legality of the interception by way of a pre-indictment hearing on a motion to suppress, prior to being interrogated ?”
Petitioner Cobo, in Case No. T-80, raises an additional point:
“Where evidence is obtained by a court authorized wiretap of a crime which is not specifically enumerated in the wiretap law, is such evidence admissible in a court of law and can such evidence be used to obtain additional evidence of the same crime by investigative methods other than a wiretap?”
From the foregoing it is our view that one single question is presented for our decision, that being one of procedure only. We are concerned with the point posed by petitioners Cobo et al. in Case No. T-79 regarding the right of a witness summoned before a grand jury to be heard on a pre-indictment motion filed by him to suppress intercepted oral or wire communications about which he expects to be questioned on the asserted ground that such interceptions were illegally obtained contrary to the provisions of law. In view of our disposition of this question, we do not reach the point raised by the petitioner in Case No. T-80 which goes to the merits of the question of whether a specified intercepted wire or oral communication was illegally obtained.
Our disposition of this matter turns upon an interpretation of two sections of Chapter 934, Florida Statutes, F.S.A., relating to Security of Communications. The evidentiary prohibition section of the act in question provides as follows:
“Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in*evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter.”[1]
The suppression section of the act provides in pertinent part:
“Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority may move *237 to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that:
“1, The communication was unlawfully intercepted;
“2. The order of authorization or approval under which it was intercepted is insufficient on its face; or
“3. The interception was not made in conformity with the order of authorization or approval.
. . .”[2]
A careful examination of the two foregoing sections of the statute makes it clearly apparent that no intercepted wire or oral communication illegally obtained contrary to the provisions of the act may be received in evidence in any trial, hearing, or other proceedings in or before any court, grand jury, department, officer, regulatory body, legislative committee, or other authority of the state. It is equally apparent, however, that the suppression section which sets up the procedure by which illegally obtained wire or oral communications may be suppressed specifically designates the forums in which such a motion to suppress may be filed and brought on for hearing. The forums enumerated in this section of the statute include only courts, departments, officers, agencies, regulatory bodies, and other authorities of the state but omits therefrom the grand jury as one of the forums in which such a motion may be filed and heard. This omission is of critical importance in determining whether the suppression statute was intended to apply to proceedings before grand juries as distinguished from other inquisitorial bodies whose function is to adjudicate civil and criminal matters properly brought within their respective jurisdictions.
The Florida Security of Communications Act, F.S., Chapter 934, F.S.A., is in all substantial respects identical in its language to the Omnibus Crime Control and Safe Streets Act of 1968 adopted by the Congress of the United States.[3] We find no decisions by Florida courts construing the salient provisions of our statute and thus we look to the federal courts for the legislative history of the federal statute of which ours is a counterpart. The leading and most recent decision construing the federal act is that of Gelbard v. United States.[4] In Gelbard, the Supreme Court of the United States reviewed decisions rendered by the Circuit Courts of Appeal of the Third and Ninth Circuits. The appeals concerned witnesses who had appeared before grand juries but refused to answer questions propounded to them on the ground that the information forming the basis of the interrogation was obtained as the result of illegal wiretapping and electronic surveillance. In both instances the witnesses had been adjudged in contempt of court for disobeying orders by refusing to give their testimony before the grand juries to which they were summoned. The Supreme Court in its decision disposing of the appeal stated that the narrow question to be decided was whether witnesses were privileged to invoke the evidentiary prohibition section of the federal act, 18 U. S.C. § 2515 (the counterpart of our statute, F.S. § 934.06, F.S.A.), as a defense to the contempt charges of which they had been adjudged guilty. The Supreme Court held that in view of the evidentiary prohibition section of the federal act which prohibits grand juries from receiving intercepted wire communications illegally obtained contrary to the provisions of the act, the witnesses before the grand jury could not be held in contempt of court for refusing to answer questions propounded to them based upon the illegally obtained wire communications. In so doing, however, the Supreme Court made clear the *238 distinction between the right of a witness to refuse to answer questions put to him based upon illegally intercepted wire communications without subjecting himself to punishment for contempt, and the right of the same witness to file and be heard on a motion to suppress the illegally intercepted communication prior to its consideration by the grand jury. In the course of its opinion, the Supreme Court relied in large part for its interpretation of the act upon the report of the Senate Judiciary Committee which drafted and proposed the act for adoption by Congress. In commenting upon the Senate report, the Supreme Court said:
“. . . The congressional concern with the applicability of § 2518(10) (a) in grand jury proceedings, so far as it is discernible from the Senate report, was apparently that defendants and potential defendants might be able to utilize suppression motions to impede the issuance of indictments: ‘Normally, there is no limitation on the character of evidence that may be presented to a grand jury, which is enforcible by an individual. [United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1965).] There is no intent to change this general rule.’ S. Rep. No. 1097, 90th Cong, 2d Sess., 106 (1968). The ‘general rule,’ as illustrated in Blue, is that a defendant is not entitled to have his indictment dismissed before trial simply because the Government ‘acquire [d] incriminating evidence in violating of the [law],’ even if the ‘tainted evidence was presented to the grand jury.’ 384 U.S. at 255 and n. 3, 86 S.Ct. 1416 [16 L.Ed.2d at 514]; see Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). But that rule has nothing whatever to do with the situation of a grand jury witness who has refused to testify and attempts to defend a subsequent charge of contempt. Hence, we cannot agree that the Senate report expressed the view that grand jury witness would be foreclosed from raising the § 2515 defense in a contempt proceeding under § 1826(a).”
In highlighting the significance of omitting from the suppression section of the federal act proceedings before grand juries as a forum in which a motion to suppress might lie, the Supreme Court said:
“ ‘Because no person is a party as such to a grand jury proceeding, the provision [Title III, § 2518(10) (a)] does not envision the making of a motion to suppress in the context of such a proceeding itself. . . . It is the intent of the provision only that when a motion to suppress is granted in another context, its scope may include use in a future grand jury proceeding.’ . . . .”
In pointing out that the suppression section of the act is exclusive with respect to the forums in which a motion to suppress an illegally obtained wire communication may be made and heard, the Supreme Court said:
“. . . Although the Government points to statements in the Senate report to the effect that § 2518(10) (a) ‘limits’ § 2515, we read those statements to mean that suppression motions, as a method of enforcing the prohibition of § 2515, must be made in accordance with the restrictions upon forums, procedures, and grounds specified in § 2518(10)(a).”
The opinion of Justice White concurring with the majority clearly points out the impropriety of granting a witness before the grand jury the right to a suppression hearing before being required to give his testimony when he said:
“Where the Government produces a court order for the interception, however, and the witness nevertheless demands a full blown suppression hearing to determine the legality of the order, there may be room for striking a different accommodation between the due functioning of the grand jury system and the federal wiretap statute. Suppression *239 hearings in these circumstances would result in protracted interruption of grand jury proceedings. At the same time prosecutors and other officers who have been granted and relied on a court order for the interception would be subject to no liability under the statute, whether the order is valid or not; and in any event, the deterrent valué of excluding the evidence will be marginal at best. . "
From the foregoing it appears self-evident that in construing the federal Omnibus Crime and Safe Streets Act, the Supreme Court of the United States in Gel-bard has clearly held that a witness before a grand jury may not be heard by motion to suppress to challenge the legality of an intercepted oral or wire communication which has been produced to the grand jury for its consideration as part of its investigation. This is so even though the court held that the same witness has the right to refuse to answer questions propounded to him based upon illegally obtained oral or wire communications without subjecting himself to conviction for contempt of court. It is our view that the interpretation placed by the Supreme Court on the federal act is sound and applicable in all respects to the Florida statute of which the federal act is a counterpart. Having reached this conclusion, we find and so hold the trial court in the cases sub judice did not err in denying petitioners’ motions to suppress intercepted wire communications which petitioners contend were illegally obtained. Such motions will properly lie at a later stage in the proceeding if and when indictments charging commissions of a crime have been presented and the aggrieved person then afforded his day in court.
It is emphasized that the decision of this court has been reached solely upon the procedural question of whether a witness subpoenaed to appear before a grand jury may avail himself, prior to his appearance, of the right to file a motion to suppress matters which may be inquired into by the grand jury during its interrogation of the potential witness. This court has not reached or decided any of the merits of petitioners’ allegations in their respective petitions for writ of certiorari.
The writs of certiorari are discharged and the petitions dismissed.
CARROLL, Acting C. J., and RAWLS and WIGGINTON, JJ., concur.

. F.S., § 934.06, F.S.A.

. F.S., § 934.09(9) (a), F.S.A.

. 18 U.S.O. §§ 2510-2520.

. 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179, 193, 194, 200 (1972).