**70**

UNITED STATES of America

v.

**Frank Parker OSBORNE.**

Crim. A. No. 76–458.

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1976.

John E. Riley, Asst. U. S. Atty., David W. Marston, U. S. Atty., Philadelphia, Pa., for plaintiff.

Jeffrey M. Miller, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

FOGEL, District Judge.

Before us is a Motion to Dismiss Indictment Because of Illegal Electronic Surveillance. Defendant Frank Parker Osborne was indicted under a one count indictment for possession with intent to distribute heroin, a Schedule I narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Defendant requested a hearing under 18 U.S.C. § 3504, for the purpose of determining whether or not his arrest was the result of any illegal wiretapping activities. Defendant alleged the following in support of his Motion: FIRST, that the Complaint prepared by the Drug Enforcement Administration was based on information received from the Bristol Township Police Department; SECOND, that on October 1, 1976, three detectives of that department were indicted by a Federal Grand Jury in the Eastern District of Pennsylvania for using illegal electronic surveillance in connection with their investigations; THIRD, that David W. Marston, the United States Attorney for the Eastern District of Pennsylvania stated at a press conference on October 1, 1976, that several criminal cases had been tainted by those activities; FOURTH, that defendant, a life-long resident of the area where the alleged wiretapping occurred, had a poor relationship with the police; and FIFTH, that he had heard clicking noises and had experienced interference with his telephone.

The government denied the allegations of illegal wiretap activities in this case and submitted the following three affidavits in support of its contentions: (1) from the informant (this affidavit was impounded to protect his identity); (2) from Detective James Hildeshine, the informant's contact in the Bristol Township Police Department, and (3) from D.E.A. Agent William B. Kean, who had received the information

about defendant from the police. Each of the affiants denied use or knowledge of any electronic surveillance of defendant. The government argued that defendant was not entitled to any hearing because of the sufficiency of its affidavits, pursuant to the provisions of Section 3504; it also claimed that proof of any illegal surveillance activities would, in any event, be completely unrelated to this arrest, and therefore of no relevance.

On November 1, 1976 we held a limited hearing. At that hearing the defendant testified concerning the difficulties he experienced with his telephone, but admitted that he had never requested the telephone company to conduct an inspection for the purposes of determining whether his telephone was tapped. (Transcript of November 1, 1976 suppression hearing (TR), 24–26, 32). He testified that he was an activist in the community and had been instrumental in removing a local justice of the peace from office; he puts this fact before us in order to establish a motive for the alleged surveillance (TR 27–28). He denied that he or any members of his family had any conversations about drugs on the telephone. (TR 29–30).

We also heard from Detective Hildeshine, who stated that he had received his information directly from the informant and not through the medium of electronic surveillance; although he did not have the source of the informant's knowledge, he speculated that the informant picked up the information "on the street." (TR 55–57). He stated that he never discussed with the informant where he had gotten any of his information. (TR 56–61).

Because Detective Hildeshine could not testify from his own knowledge with respect to the original source of his information, we granted defendant's request that the informant be questioned by us *in camera*. He testified under oath that his information was not obtained through the use of any electronic surveillance on his part; that rather, it was obtained from his private contacts on the street. The informant denied that he obtained any information

about the defendant from personnel in the police department or from any other source which could be suspect with respect to the use of any electronic surveillance.

We also requested and received an *in camera* affidavit from the Assistant U.S. Attorney in charge of the investigation of the Bristol Township Police force, stating that an examination of his files revealed no illegal electronic surveillance pertaining to this case.

After considering the testimony adduced at the hearing, the *in camera* examination of the informant, and the affidavits submitted by the Government, we refuse to dismiss the indictment. We find that the denial of the Government of illegal wiretapping, in light of the record which has been adduced, is sufficient to obviate the necessity of any further hearing on this matter; we further find that defendant is not entitled to the suppression of the evidence against him based upon his claim of illegal surveillance activities.

## I. *Dismissal of Indictment*

It is well settled that an indictment returned by a legally constituted grand jury is not subject to challenge, even if based in whole or in part on incompetent evidence. If the indictment is valid on its face the cause may proceed to trial. *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). See also *United States v. Blue*, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966); *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

Thus, even if defendant were successful in proving that his arrest was the result of illegal wiretapping activities, the indictment would stand. His sole recourse is to seek suppression of any evidence tainted by the illegal activities. See *United States v. Blue, supra.*

## II. *Adequacy of Government's Response*

Whenever a "person aggrieved" makes a claim under 18 U.S.C. § 3504(a)(1), of illegal electronic surveillance activity by the Government, this Circuit requires that

72

the Government either affirm or deny the allegation. *United States v. D'Andrea*, 495 F.2d 1170 (3d Cir. 1974).

 Defendant clearly is a person aggrieved under the statute, and the Government has made its denial. The issue therefore, is whether that denial is adequate, in light of the nature and extent of defendant's claims.

In *D'Andrea* defendant's conclusory allegations, unsupported by any evidence of illegal surveillance, were deemed satisfactorily denied by a letter from an Assistant United States Attorney stating that he had made inquiries of the appropriate agencies and had found no evidence of illegal wiretap activities.

*In Re Grand Jury Impaneled January 21, 1975*, 529 F.2d 543 (3d Cir. 1976), involved a grand jury witness' claim that his telephone had been tapped by the government, that he heard clicking noises on his telephone, that it disconnected for no apparent reason, and that a private investigator engaged to scan the office, stated that the possibility existed that surveillance had occurred, although subsequent checks with the telephone company revealed nothing. Based upon the holding in *D'Andrea*, which the Court decided was controlling, it held that an affidavit by the United States Attorney stating that his inquiries of other United States Attorney offices and the Justice Department established that wiretapping had not taken place, was an adequate denial.

The instant case falls within the ambit of these decisions. The only other fact, in addition to those which were before the court, in *D'Andrea* and *In Re Grand Jury*, is the indictment of certain members of the Bristol Township Police force for use of illegal electronic surveillance. *The Government's affidavits and testimony have demonstrated that none of the parties involved in the investigation and arrest of defendant knew about or engaged in any illegal surveillance of the defendant. Defendant has not come forward with any specific facts to dispute those denials. Therefore, no further hearing on the issue of illegal electronic surveillance is required.*

III. *Suppression of Evidence*

When illegal wiretapping is disclosed or discovered, the remedy available to a defendant, in the context of criminal charges against him, is the suppression of any evidence tainted by those activities. *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). The Court is satisfied, by the record in this case, that there has not been any electronic surveillance activity in connection with the investigation and arrest of the defendant; therefore, defendant is not entitled to suppression of the evidence against him based on that claim.

The Motion to Dismiss the Indictment is denied, and an appropriate Order will be entered.