**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David SCHEUFLER,
Defendant-Appellant.**

No. 78–2527.

United States Court of Appeals,
Ninth Circuit.

June 29, 1979.

894

Marcus S. Topel and Paul D. Wolf, San Francisco, Cal., for defendant-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., James A. Bruton, Tax Div., U.S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WALLACE and SNEED, Circuit Judges, and BLUMENFELD,* District Judge.

BLUMENFELD, District Judge:

David Scheufler appeals his conviction on two counts of willfully attempting to evade and defeat federal income taxes during 1971 and 1972, in violation of 26 U.S.C. § 7203. Scheufler contends that the district court erred in: (1) not dismissing the indictment on the ground that a Government agent committed improprieties in his testimony before the grand jury; (2) not dismissing the indictment on the ground that the Government breached a contract with a third party by presenting certain evidence to the grand jury; and (3) failing to instruct the jury on the difference between the "net worth" and "specific item" methods of proving income tax liability. We affirm.

I. *Alleged Improprieties in Agent's Grand Jury Testimony*

At the grand jury proceedings, the Government presented Agent Richard Andersen, the Internal Revenue Service agent assigned to the case, to establish that Scheufler had willfully attempted to evade and defeat federal income taxes during 1971 and 1972. Andersen introduced abundant detailed evidence concerning the amount of taxes owed by Scheufler for 1971 and 1972. Scheufler contends, however, that the indictment should be dismissed because Andersen allegedly made untrue, irrelevant, inflammatory, and prejudicial statements to the grand jury by: (1) com-

menting on Scheufler's alleged involvement in marijuana and hashish dealings; (2) implicating Scheufler by innuendo with obstruction of justice and murder; (3) stating that prior exculpatory statements, incorrectly attributed to Scheufler, were false; and (4) commenting on Scheufler's refusal to cooperate.

Scheufler has a difficult burden to satisfy in challenging the indictment. *United States v. Polizzi,* 500 F.2d 856, 887 (9th Cir. 1974), *cert. denied,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956).

In explaining the likely source of Scheufler's unreported income, Andersen testified before the grand jury that Scheufler had participated in marijuana and hashish transactions that had yielded sums of money for Scheufler. Scheufler claims that this testimony was improper and prejudicial. This testimony of Andersen, even if attributable to the Government, fell far short of Government misconduct that we have held sufficiently egregious to require dismissal of the indictment. In *United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir. 1977), *cert. denied, Myers v. U. S.,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978), we stated:

"[O]nly in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury."

In this case there is no evidence that Andersen perjured himself before the grand jury or that the prosecutor believed that Ander-

---

* Hon. M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, sitting by designation.

sen was using perjured testimony. Absent such Government misconduct, the validity of an indictment is not ordinarily affected by the character of the evidence considered. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *United States v. Blue,* 384 U.S. 251, 255 n.3, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).[1]

On the same basis, none of Scheufler's remaining contentions regarding the character of Andersen's testimony merit relief.[2] Since the indictment here was returned by a legally constituted, unbiased grand jury and was valid on its face, it satisfied the requirements of the Fifth Amendment. *See United States v. Calandra, supra,* 414 U.S. at 344–45, 94 S.Ct. 613; *Costello v. United States, supra,* 350 U.S. at 363, 76 S.Ct. 406; *United States v. Thoresen,* 428 F.2d 654, 664 (9th Cir. 1970).

## II.   *Third-Party Agreement*

Additionally Scheufler argues that not only was it prejudicial to have Andersen tell the grand jury about the possible illegal source of the money which the Government contended that Scheufler had not declared as taxable income, but that the circumstances under which the Government acquired that information made its use before the grand jury illegal.

In an unrelated criminal case, the Government had entered into an agreement with one Bradley Barham under which Barham agreed to explain the origin of a large sum of money found in his home in return for the Government's promise that no part of his statement would be used against him or anyone he named.[3] During the grand jury proceedings involving Scheufler, the Government introduced, through Agent Andersen's testimony, Barham's statements implicating Scheufler in a marijuana operation. Scheufler contends that the Government thereby breached the agreement with Barham, and that under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the indictment against Scheufler should be dismissed. *Santobello* is inapposite because it concerns an agreement between the Government and the defendant who is seeking to enforce the agreement.

Whether third-party beneficiary agreements must be enforced in a criminal case is a novel issue. We need not decide that issue here since the alleged breach of the agreement between Barham and the Government in no way prejudiced Scheufler.[4] Here, Barham's statements were introduced before the grand jury but not at trial. Barham's statements that Scheufler imported marijuana were not relevant to

1. Furthermore, even at trial it would not have been error to admit testimony about the defendant's involvement in sales of drugs if offered to show the existence of a source for the alleged unreported income, a proper subject of proof. *United States v. Grasso,* 600 F.2d 342 (2d Cir. 1979); *see United States v. Vannelli,* 595 F.2d 402, 405 (8th Cir. 1979).

2. Regarding the contention that Andersen intimated that Scheufler was involved in a murder, although Andersen stated his opinion that a potential witness had been murdered, he did not implicate Scheufler. Moreover, the prosecutor immediately noted that the death had nothing to do with the investigation. Nor did Andersen accuse Scheufler of obstructing justice. Andersen merely stated that Scheufler's business partner and Scheufler's attorney, who also represented Scheufler's business partner, invoked the Fifth Amendment when questioned about Scheufler's interest in the partnership. Andersen specifically stated that there was nothing wrong with invoking the privilege.

Regarding Scheufler's contention that Andersen improperly commented to the grand jury about Scheufler's refusal to cooperate, even comment before the grand jury on a defendant's refusal to testify would not be grounds for quashing an otherwise valid indictment. *See United States v. Calandra,* 414 U.S. 338, 344–45, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *United States v. Blue,* 384 U.S. 251, 255 & n.3, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).

3. The Government reserved the right to prosecute individuals named in Barham's testimony with evidence secured independently of his testimony.

4. The present case, unlike *Santobello, supra,* does not involve an agreement with respect to a plea. *See* Rule 11(e), Fed.R.Crim.P. Whether principles of contract law apply in the plea bargaining context to affect a defendant's constitutional right to be treated with fundamental fairness was recently discussed by the Court of Appeals for the Fourth Circuit. *Cooper v. United States,* 594 F.2d 12 (4th Cir. 1979).

the criminal tax offense for which the grand jury indicted Scheufler. The statements were not used to establish Scheufler's income tax liability but were used merely to explain for background purposes how the Government first became aware of the possibility of Scheufler's failure to report taxable income. Moreover, Agent Andersen introduced before the grand jury independent, detailed, and abundant evidence concerning the amount of taxes owed by Scheufler for 1971 and 1972. Andersen testified that he determined Scheufler's assets and liabilities by reconstructing Scheufler's bank account, by interviewing third parties with whom Scheufler had done business, and by tracing ownership of Scheufler's cars through insurance checks. In sum, Barham's statements, which Scheufler contends should not have been introduced before the grand jury, were insignificant in light of the overwhelming, relevant evidence introduced in that proceeding.

At trial, it was sufficient for the Government to prove, by the net worth method, that Scheufler had received much more income in 1971 and 1972 than he had reported. That the income may have been acquired through illegal sources was not part of the Government's case, and no evidence to that effect was offered. Since Scheufler was not prejudiced by the alleged breach of the third-party agreement between Barham and the Government, he is not entitled to relief on that ground.

### III. *Failure to Instruct the Jury*

Scheufler contends that the district court erred in failing to give his proposed instruction on the difference between the "specific item" and "net worth" methods of proving tax fraud when the Government was attempting to establish liability by the "net worth" method. Scheufler's argument is meritless. The Government never suggested that the jury apply any theory other than the "net worth" method of proof. The district court is not required to instruct the jury on issues not reasonably raised by the evidence at trial. *See Charron v. United States,* 412 F.2d 657, 660–61 (9th Cir. 1969).

AFFIRMED.