AMERICAN SAMOA GOVERNMENT, Plaintiff,
v.
FOMA'I, et al., Defendants.

High Court of American Samoa
Trial Division

CR Nos. 72-82, 73-82, 75-82, 76-82, 77-82, 78-82, and 79-82

December 3, 1982

GARDNER, Chief Justice.

\* \* \*

## MOTION TO DISMISS THE INFORMATION

The basis for the motion was that the magistrate erred under Rule 5.1 of the Rules of the Criminal Procedures of American Samoa in refusing to consider defendant's motion to suppress under Fourth Amendment grounds. That section provides: "Objections to the evidence on the ground that it was

acquired by unlawful means are not properly made at the preliminary examination. Motion to suppress must be made to the High Court..."

This Rule, of course, is simply an adoption of the Federal Rule as set forth in the Federal Rules of Criminal Procedures, Rule 5.1. This rule has never ben a subject of a direct attack, but has been approved, albeit obliquely, in a series of cases. See Giordenello v. U.S., 357 U.S. 480; Costello v. U.S., 350 U.S. 359; U.S. v. Blue, 384 U.S. 251.

However, the defendants contend that American Samoa has a peculiar situation which would distinguish it from the Federal Rule since the Exclusionary Rule here exists by constitutional mandate and is not court imposed as in the Federal system.

Section 5 of the American Samoa Revised Constitution, after setting forth the provisions of the Fourth Amendment of the United States Constitution provides: "Evidence obtained in violation of this section shall not be admitted in any court." As indicated, it is the defendants' contention that since the Federal Exclusionary Rule is court mandated and the American Samoa Rule is expressly set forth in the constitution, the approval by the courts of the Federal Rule has no application and that under this constitutional mandate, they were entitled to press their Fourth Amendment claims in the District Court. They contend that the District Court is a "court," and therefore they have a right under this section to present and litigate their Fourth Amendment contentions in that court as well as in this court. Thus, they demand two bites of the apple, one before the magistrate and one before the High Court. While this procedure is approved by statute in some state jurisdictions, we decline to apply it to this jurisdiction under some kind of constitutional interpretation ploy. Insofar as this argument is concerned, we are singularly unimpressed and equally unpersuaded.

A constitution is not a document etched in steel. It is a flexible, vital living document drafted for the operation and perpetuation of government and able to accommodate itself to changes in the lives of those who must live under it. A constitution is designed to meet new conditions that may arise in the progress of a community. It must be interpreted in such a flexible way as to bring it in accord with the public interest. Ullman v. U.S., 350 U.S. 422. Such is the history of the United States Constitution. For example:

The first amendment prohibits any abridgment of the freedom of speech. This is in absolute terms, yet one only has to remember the words of Justice Holmes that that amendment gives no one the right to shout "fire" in a crowded theater. Additionally, assaultive language and pornography are subject to control inspite of the seemingly absolute language of the amendment.

So too, the right of the people to bear arms (amendment II) is being infringed daily and no one contends that this is a violation of the constitution.

The Fifth Amendment provides that no one shall be held to answer for a serious crime except upon a presentation or indictment of a grand jury. Obviously, this seemingly absolute command is nothing of the kind. Perhaps 90 percent of all criminal prosecutions in the United States are by the complaint-preliminary information manner. As a matter of fact, as we all know, there is no such thing as a grand jury in American Samoa and if Article 5 were to be applied, literally, a criminal could never be tried here. (See American Samoa vs. Willis, 1 ASR 675.)

We point out these rather obvious items because they reflect the concept that a constitution, to exist throughout the years and centuries,

must be able to adapt itself to contemporary situations and must be interpreted in a flexible way for the reasonably efficient operation of the community.

The fact that this language appears in this constitution as contrasted with the existence of the Exclusionary Rule by court fiat is, in our opinion, immaterial.

The United States Supreme Court has long since held that the Exclusionary Rule need not cover all proceedings or all persons. "As with any remedial device, the application of the Rule has ben restricted to those areas where its remedial objectives are thought most efficaciously served." U.S. v. Calandra, 94 S.Ct. 613, 620. In dealing with grand jury proceedings, the court held that an extension of the Exclusionary Rule would seriously impede the grand jury. "Because the grand jury does not finally adjudicate guilt or innocense, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentary and procedural restrictions applicable to a criminal. Permitting witnesses to invoke the Exclusionary Rule before a grand jury would precipitate adjudications of issues hitherto reserved for trial on the merits and would delay and disrupt grand jury proceedings. Suppression hearings would halt the orderly progress of an investigation and might necessitate extended litigation of issues only tangentially related to the grand jury's primary objective." U.S. vs. Calandra, 94 S.Ct. 613, 620. The court went on to explain that while suppression might be an important method of effectuating the Fourth Amendment, it does not follow that the Fourth Amendment requires adoption of every proposal that might deter police misconduct. The court felt that it would be unrealistic to assume that application of the Exclusionary Rule to grand jury proceedings would significantly further the goal of that rule.

Calandra dealt with the grand jury. As far as we are concerned, the rationale of Calandra is equally applicable to preliminary proceedings before a magistrate. We see nothing to be obtained by imposing the Exclusionary Rule on those proceedings. This would do nothing to deter illegal police conduct and would seriously impair the magistrate's ability to carry out his responsibilities in winnowing out needless prosecutions and seeing to it that only those against whom the prosecution could show probable cause be brought to trial.

A magistrate does not sit as a tribunal which is empowered to conduct a trial. The District Court may, as a District Court, conduct trials of misdemeanors and certain civil matters. However, when the District Court Judge becomes a magistrate for the purpose of conducting a preliminary examination, he merely decides whether or not a defendant should be held for trial. Courts have jurisdiction to try cases. A magistrate does not. A magistrate is not a court. Therefore, the word "court" in Section 5 of the American Samoa Revised Constitution does not apply to a magistrate conducting a preliminary examination. A magistrate exercises no trial jurisdiction when conducting a preliminary examination. This is not simply a matter of semantics. It is basic and fundamental. The magistrate, in short, acts as an arm of the High Court in winnowing groundless and needless cases that would otherwise appear before the High Court and ascertains that only those against whom probable cause has been shown should be held for trial. The magistrate acts as a substitute for a constitutionally mandated grand jury. The only distinction is one which inures to the benefit of the defendant inasmuch as he is allowed to cross examine witnesses at a preliminary and is not allowed to do so before a grand jury.

In short, we can find no distinction between the Exclusionary Rule as

mandated by the Supreme Court of the United States and that mandated by the Constitution of American Samoa and find no constitutional flaw in Rule 5.1, Criminal Court Rules of American Samoa.

Therefore, the motion to dismiss the information will be denied.