WALDEN, Judge.
This is an appeal from an “Order On Defendant’s Motion To Dismiss Predicated Upon Constitutionally Unacceptable Post Arrest Police Misconduct.” The trial court granted the motion and finally dismissed all pending criminal charges against the defendant. The State appeals. We reverse.
In a fifteen page order the trial court carefully outlined the events that led to the dismissal of the charges. Our departure is based on our opinion that the sanction of dismissal was unwarranted and without precedent, although it cannot be gainsaid that the conduct of the police officers in the period after arrest was outrageous and prejudicial to the defendant, at least to some degree.
We extract portions of the appealed order from place to place to highlight the basic happenings:
Defendant, Ruben Caballero, was arrested for, and charged with, trafficking in cocaine, escape, battery upon a law enforcement officer, and resisting arrest with violence. The Defendant was ar *923 rested by Broward County Sheriffs deputies Steve Gaffney and Dale Owens. The charges arose when the detectives confronted the Defendant at the Greyhound bus terminal in Fort Lauderdale and requested permission to search his luggage. It is no secret that the State will contend that the accused agreed to allow such search and the Defendant, equally vigorously, will contend that legally acceptable consent was not given.
During pretrial preparation the defense employed a private investigator, Mr. Kras-co, to keep surveillance over officers Gaff-ney, Owen and Barnes so as to develop evidence that their techniques in obtaining consent to search at the bus station were illegal.
Detectives Gaffney, Owen and Barnes were engaged in their normal activities of attempting to interdict the illegal flow of narcotics upon the greyhound buses utilizing the terminal in Fort Lauder-dale. ...
While speaking to a bus passenger who exhibited the characteristics commonly known as the “drug courier profile”, Detective Gaffney called the attention of Owens and Barnes to his perception that a party in a slowly moving automobile was pointing something at them through the window of the vehicle. Apparently becoming aware that they had been observed, Mr. Krasco (the party who was aiming a camera through the automobile window in the direction of the detectives) directed Mr. Caballero, the driver, to leave the scene.
The police officers pursued and stopped the defendant and Krasco. The officers were angry with the defendant and Krasco.
Without elaboration, the defendant and Krasco were arrested for “felony obstruction of justice,” a sham and nonexistent offense. They were illegally searched and a goodly amount of material searched, examined and privately kept even though the officers were clearly on notice that the material was confidential, the property of defense counsel, or material relating to the pending charges against the defendant. The arrests, the searches and the seizures were patently illegal and wrongly motivated.
There is no doubt but that the police officers should be considered for discipline and further trained as concerns their respect for the constitutional and statutory rights of other citizens, even those charged with a crime. Moreover, the defendant may have civil remedies which he can pursue as to these officers.
However, our principal and immediate concern is not punishment of the officers but what is the impact of their conduct upon the upcoming trial of the defendant upon the pending criminal charges with particular reference to their intrusion and examination of defense documents, pictures and material.
In our opinion the trial court should fashion a remedy that would be fair to the defendant and fair to the state by, after giving those concerned an opportunity to be heard and to demonstrate prejudice or not, excluding witnesses and evidence from the trial that was tainted by the illegal and improper activities of the police officers.
In State v. Sugar, 100 N.J. 214, 495 A.2d 90 (1985), it was held:
[A]s a matter of law, a person who actually participated in, attended, or was contemporaneously informed of the unlawful intercept must be deemed to have been tainted by his direct knowledge of the intercept; he is therefore disqualified to testify as a witness in defendant’s prosecution.
495 A.2d at 97.
In United States v. Sander, 615 F.2d 215, 219 (5th Cir.), reh’g denied, 618 F.2d 781 (5th Cir.1980), cert, denied, 449 U.S. 835,101 S.Ct. 108, 66 L.Ed.2d 41 (1980), the Fifth Circuit stated that where there is an intrusion on the attomey/client relationship the remedy for such a violation is not dismissal but the suppression of any evidence so obtained. In Sander, police had viewed appellant’s attorney’s file concerning appellant. The files had been in police possession after the attorney’s murder. Appellant moved to dismiss, claiming a violation of his Sixth Amendment right to *924 counsel. The trial court denied the motion to dismiss and the Fifth Circuit affirmed on the basis that appellant made no showing of injury or prejudice by virtue.of the fact that his file had been viewed by the police. 615 F.2d at 219. Sander cited United States v. Kilrain, 566 F.2d 979,982 (5th Cir.1978), reh’g denied, 569 F.2d 1155 (5th Cir.), cert, denied, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978), reh’g denied, 439 U.S. 997, 99 S.Ct. 599, 58 L.Ed.2d 670 (1978), and United States v. Franklin, 598 •F.2d 954, 957 (5th Cir.), cert, denied, 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979) for the rule that the remedy for an intrusion on the attorney/client relationship is not dismissal, but the suppression of evidence wrongfully obtained.
In Kilrain, the Fifth Circuit affirmed the trial court’s finding, among other things, that defendants suffered no prejudice from illegally obtained conversations where there was no testimony as to the substance of the conversations and no showing that the prosecutor used information regarding the conversations to obtain other evidence. 566 F.2d at 982. Kilrain notes the United States Supreme Court case of Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 1243 n. 12, 51 L.Ed.2d 424 (1977), reh’g denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 240 (1977), stating that the Court recognized the proper rule was one of exclusion of tainted evidence rather than a per se standard of reversal if any constitutional violation had occurred. 566 F.2d at 982.
In United States v. Franklin, the Fifth Circuit affirmed the denial of defendant's motion to dismiss an indictment based on information allegedly obtained improperly from defendant’s attorney. The court reasoned that:
Even assuming that evidence was obtained by the government in an illegal manner, the proper remedy would be suppression, not dismissal of the prosecution.
598 F.2d at 957, citing United States v. Blue, 384 U.S. 251, 255, 86 S.Ct. 1416,1419, 16 L.Ed.2d 510 (1966).
In United States v. Blue, the United States Supreme Court considered defendant Blue’s motion to dismiss based on the prosecution’s presentation of tainted evidence. The Court stated:
Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial_ Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book.
384 U.S. at 255, 86 S.Ct. at 1419,16 L.Ed.2d 510. See also State v. Tsavaris, 382 So.2d 56, 69 (Fla. 2d DCA 1980) (citing Blue and stating, “Even where incriminating evidence is obtained in violation of the Fifth Amendment, the defendant against whom that evidence was obtained is at most entitled to suppress the evidence and its fruits if they are sought to be used against him at trial.”)[1]
The order dismissing the criminal charges against Ruben .Caballero is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
HERSEY, C.J., concurs.
DELL, J., dissents without opinion.

. Note the result of Tsavaris was approved in State v. Tsavaris, 394 So.2d 418 (Fla.1981), which was later receded from on other grounds in Dean v. State, 478 So.2d 38 (Fla.1985).