William R. BIRDSEYE, Boulevard Bookstore, Inc., Businessman's Mang & Con Co., Millstone Enterprises, Inc., R & R Trucking & Transportation, Inc., Truckers Training & Transfer, Inc., and Vee's Book Botique, Inc., Plaintiffs,

v.

UNITED STATES of America, Internal Revenue Service, Defendants.

Civ. A. No. 87–0780.

United States District Court,
W.D. Pennsylvania.

Sept. 11, 1987.

Thomas A. Crawford, Jr., Pittsburgh, Pa., for plaintiffs.

Stuart D. Gibson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Amy Reynolds Hay, Asst. U.S. Atty., U.S. Dist. Court, W.D.P.A., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

The instant matter is before the Court on a petition to quash an I.R.S. summons, based on Fourth Amendment grounds, made by William R. Birdseye, et al. ("Birdseye"). The respondent, United States of America, Internal Revenue Service ("U.S.A.") made a motion to dismiss for lack of subject matter jurisdiction and a motion to enforce the summons. This Court concludes that pursuant to both 18 U.S.C. § 2518(10)(a)[1] and 18 U.S.C. § 2515, the federal district court lacks jurisdiction to rule on the petitioners' motion to quash the I.R.S. summons. However, pursuant to 26 U.S.C. § 7602, this Court has subject matter jurisdiction over this petition.

The petitioner contends that pursuant to 18 U.S.C. § 2515[2] the federal district court

---

**1.** This Court finds that since 18 U.S.C. § 2518(10)(a) does not apply to grand jury pro-

ceedings, this provision cannot in any way apply to an I.R.S. summons.

**2.** Section 2515 provides: "Where any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or political subdivision

has jurisdiction to rule on the petitioners' motion to quash an I.R.S. summons. In support, the petitioners cite *Gelbard v. United States*, 408 U.S. 41, 59, 92 S.Ct. 2357, 2366–67, 33 L.Ed.2d 179, 193 (1972). In *Gelbard* the Court held that grand jury witnesses in proceedings under 28 U.S.C. § 1826(a), are entitled to invoke § 2515 as a *defense* to contempt charges brought against them for refusing to testify.

The *Gelbard* court reiterated the general rule that actions by the government, occurring before the initiation of a proceeding, remain outside the realm of the court's jurisdiction. Thus, the Court stated "that a defendant is not entitled to have his indictment dismissed before trial simply because the Government acquired incriminating evidence in violation of the law even if the tainted evidence was presented to the grand jury." *Gelbard*, 408 U.S. at 60, 92 S.Ct. at 2367, 33 L.Ed.2d at 194, *citing United States v. Blue*, 384 U.S. 251, 255 n. 3, 86 S.Ct. 1416, 1419 n. 3, 16 L.Ed.2d 510, 514 (1966). Although *Gelbard* interprets 18 U.S.C. § 2515 to grant federal jurisdiction to contempt proceeding of a grand jury, federal jurisdiction does not extend to the summons itself.

The petitioner also asserts that *Silverthorne Lumber Company v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) extends federal jurisdiction to an I.R.S. summons. In *Silverthorne* the government confiscated and copied documents during an illegal search of a lumber company. The federal district court ordered the return of the originals and impounded the copies. Then the government issued a subpoena based upon the information learned from the illegal search. The district court found the defendants in contempt for failure to comply with the subpoena. The Supreme Court, as stated by Justice Holmes, held that evidence acquired illegally shall not be used at all. *Silverthorne*, 251 U.S. at 392, 40 S.Ct. at 183, 64 L.Ed. at 321. This Court finds that, although the federal court should prevent the abuse of the Fourth Amendment, neither *Silverthorne* nor *Gelbard* provide for

thereof if the disclosure of that information

federal court jurisdiction at least until the defendant defends against a contempt proceeding. If the federal court were to rule on the constitutionality of every summons, the investigatory arms of the federal government would be forever congested.

An appropriate order will be filed.

### ORDER

AND NOW, this 11th day of September, 1987, for the reasons stated in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the petition to quash the I.R.S. summons, filed on behalf of Petitioner, William R. Birdseye, et al., is DENIED.

IT IS FURTHER ORDERED that:

(1) the stay effected by the filing of the instant petition to quash, pursuant to 26 U.S.C. § 7609(d)(2), is hereby DISSOLVED and lifted;

(2) the United States' Motion for Summary enforcement of the summons issued to Bruce T. Hall is hereby GRANTED, and the summoned party shall comply with the summons served upon him at a reasonable date, time and place to be set by the Internal Revenue Service; and

(3) the Clerk of the Court shall forward a certified copy of this Order to the summoned recordkeeper: Bruce T. Hall, CPA, 12013 Frankstown Road, Pittsburgh, Pennsylvania 15235.

would be in violation of this chapter."