RAYMOND J. GARCIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garcia v. Commissioner
Docket No. 2269-78.
United States Tax Court
T.C. Memo 1979-151; 1979 Tax Ct. Memo LEXIS 372; 38 T.C.M. (CCH) 666; T.C.M. (RIA) 79151; April 17, 1979, Filed Raymond J. Garcia, pro se. Benjamin de Luna, for the respondent. TANNEWALD MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income taxes as follows: Additions to tax Year
Deficiency
Sec. 6654(a) [1]
Sec. 6653(a)
Sec. 6651(a)
1975
$5,727.00
$247.00
$286.00
$1,432.00
1976
6,396.00
238.00
320.00
1,599.00
The deficiencies so determined were based upon an increase in the profits of petitioner's sole proprietorship, increased dividend and interest income, and the imposition of the self-employment tax. The additions to tax were asserted on the ground of *374 negligence (sec. 6653(a)), underpayment of estimated tax (sec. 6654(a)), and lack of reasonable cause for failure to file timely returns (sec. 6651(a)). Petitioner had his legal residence in Lakewood, Colorado, at the time the petition herein was filed. The petition asserted that each of the determinations by respondent was in error but set forth no factual allegations in support of such claimed errors. The petition also set forth several constitutional grounds for disputing the respondent's determinations. Respondent filed his answer denying all of the claimed erros and, upon due notice to the parties, the case was calendared for trial at Denver, Colorado, on March 5, 1979. When the case was called for trial, petitioner appeared and filed a written motion to dismiss the case for lack of jurisdiction of this Court over the subject matter. His motion was based on a variety of constitutional and legal grounds, which he elaborated upon in oral argument. The principal foci of these grounds were: (a) the subject matter of this case has potential criminal elements and consequently the assertion of civil liabilities separately by an administrative agency of the United States Government *375 (in this case, the Internal Revenue Service) requires that the case be heard by a court having criminal jurisdiction (which this Court does not have) and subject to the provisions of the United States Constitution applicable to criminal cases; (b) petitioner is entitled to refuse to produce his books and records and to proceed to trial because of his privilege against self-incrimination and his right to due process under the Fifth Amendment to the Constitution; (c) petitioner is, in any event, entitled to a trial by jury under the Seventh Amendment to the Constitution. As the Court repeatedly informed petitioner during the proceeding on March 5, 1979, his arguments are wholly without merit. The jurisdiction of this Court to hear disputes arising from the determination of deficiencies by the respondent is established by the Internal Revenue Code (see secs. 6211 through 6215). That jurisdiction has been repeatedly sustained by the courts. Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636 (5th Cir. 1966); Martin v. Commissioner,358 F.2d 63 (7th Cir. 1966). See also Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). *376 Nor does the potential, or even actual, pendency of a criminal proceeding deprive us of jurisdiction. Cf. United States v. Blue,384 U.S. 251 (1966). As to his claims of protection under the Fifth Amendment, petitioner has made no assertion that he is presently under investigation for any criminal tax violation, nor is there any indication in the record that such is the case. Under these circumstances, his refusal to produce his books and records or other evidence, based upon a general claim of the privilege against self-incrimination, cannot be sustained. Wilkinson v. Commissioner, 71 T.C.     (Jan. 25, 1979); Roberts v. Commissioner,62 T.C. 834, 838 (1974). Similarly, in view of the fact that petitioner had the full right to present to this Court, in a trial de novo, his evidence on the substantive issues involved in respondent's determination, his claim regarding denial of due process is rejected. Cf. Human Engineering Institute v. Commissioner,61 T.C. 61 (1973). Finally, petitioner is not entitled to a jury trial in this Court and the absence of such right is not subject to any constitutional infirmity. Cupp v. Commissioner,65 T.C. 68, 86 (1975), *377 affd. without opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner's reliance on United States v. Anderson,584 F.2d 369 (10th Cir. 1978), is misplaced. That case involved the right to a jury trial in tax cases in the United States District Courts and has no bearing on such right in cases before this Court. As the record discloses, at the call of the case for trial and during the oral argument on petitioner's motion to dismiss for lack of jurisdiction, the Court repeatedly warned the petitioner that his motion was lacking in merit and urged him to present his evidence, pointing out that he had the burden of proving that respondent's determinations were incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Despite these urgings, petitioner announced his intention to rely entirely on his motion to dismiss. He made clear that he was unwilling to present any evidence on the substantive issues, despite the clear warning from the Court that, if his motion to dismiss was denied, decision would be entered against him for the full amount of the deficiencies and additions to tax as determined *378 by respondent. In view of the foregoing, the Court has no alternative but to deny petitioner's motion to dismiss and to hold that respondent's determinations should be sustained on the ground that petitioner has failed to satisfy his burden of proof and/or has failed properly to procecute his case. Wilkinson v. Commissioner,supra.[2]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. See also Kaffenbarger v. Commissioner,T.C. Memo. 1978-128; Wade v. Commissioner,T.C. Memo. 1975-236↩.