LYNN C. and VICKIE A. HILL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 2384-81.
United States Tax Court
T.C. Memo 1983-308; 1983 Tax Ct. Memo LEXIS 483; 46 T.C.M. (CCH) 309; T.C.M. (RIA) 83308; May 31, 1983. *483 Lynn C. Hill and Vickie A. Hill, pro se. David M. Kirsch, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions to Lynn Hill's income taxes as follows: Lynn C. Hill
Income
Additions to Tax [1]
Year
Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1971
$813
$203
$41
$26
1972
1,228
307
61
39
1973
1,213
303
61
39
1974
1,643
411
82
52
1975
1,748
437
87
76
1976
1,787
447
89
67
1977
1,583
396
79
56
1978
986
247
49
31
Respondent also determined deficiencies in and additions to Vickie Hill's income taxes as follows: Vickie A. Hill
Income
Additions to Tax
Year
Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1971
$268
$67
$13
$9
1972
553
138
28
18
1973
505
126
25
16
1974
600
150
30
19
1975
634
159
32
27
1976
778
195
39
29
1977
839
210
42
30
1978
757
189
38
24
The issues for our decision are (1) whether respondent's determination *484 of petitioners' unreported income was arbitrary and excessive, (2) whether respondent failed to allow petitioners various claimed deductions for the years in dispute, and (3) whether petitioners may rely on the Fourth and Fifth Amendments of the United States Constitution to avoid testifying or producing records to establish their tax liability. In their joint petition, petitioners contested the additions to taxes determined by respondent. However, petitioners introduced no evidence pertaining thereto at trial, nor did they discuss the additions in their combined brief. Under these circumstances, we deem petitioners to have conceded the additions to taxes. None of the facts were stipulated in this case. For convenience, we will combine our findings of fact and opinion. OPINION Petitioners Lynn Hill and Vickie Hill, husband and wife, resided in Idaho when they filed their petition herein. They did not file income tax returns for any of the years in issue. Petitioner Lynn Hill testified at trial, apparently on behalf of himself and his wife. Although petitioners were subject to separate notices of deficiency, we will consider Lynn Hill's testimony as common to both, to *485 the extent that it is favorable. Presumptive Correctness of Respondent's Determination
Petitioners argue that respondent's determination of their unreported income was improper. In effect, petitioners maintain that respondent's determination is not entitled to its customary presumption of correctness. We disagree. The leading case in the Ninth Circuit on the evidentiary effect of respondent's determination is Weimerskirch v. Commissioner,596 F. 2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977). In Weimerskirch, the circuit court found that the presumptive correctness of the Commissioner's determination did not apply. Weimerskirch involved alleged unreported income from heroin sales. The Ninth Circuit stated that before the Commissioner can rely on the presumption of correctness of his deficiency determination, the Commissioner must offer some substantive evidence showing that the taxpayer received income from the charged activity. There, the taxpayer introduced the testimony of four witnesses to show that the deficiency determination was arbitrary, while the Commissioner introduced no evidence in rebuttal. In the case before *486 us, petitioners have produced no evidence tending to indicate that respondent's determination was in error, nor what their proper income might be. Whatever the extent of Weimerskirch may be, its facts are simply not present here. Thus, to determine the evidentiary effect of respondent's determination, any analogy to Weimerskirch is inapposite. Similarly, this Court's decision in Jackson v. Commissioner,73 T.C. 394 (1979) does not apply to the facts of the present case. In Jackson, the Commissioner himself demonstrated that his basis for determining the taxpayer's income was unreliable. Consequently, we found that the Commissioner's determination was not presumptively correct. In this case, respondent used Forms W-2 to determine petitioner Lynn Hill's income for 1972, and he used wage statements from Mr. Hill's employer to help determine Mr. Hill's income for 1977 and 1978.For the other years, and for all the years pertaining to Vickie Hill, respondent used figures from the Bureau of Labor Statistics (BLS) to determine petitioners' incomes. The computation of unreported income using these figures is an accepted method. Giddio v. Commissioner,54 T.C. 1530, 1532 (1970). *487 The use of BLS figures does not make respondent's determination arbitrary. Because neither Weimerskirch nor Jackson applies, we find that respondent's determination of petitioners' unreported income was neither arbitrary nor excessive. As a result, we conclude that the determination is entitled to its usual presumption of correctness. Thus, petitioners have the burden of showing that their unreported incomes were less than the amounts determined by respondent. Constitutional Claims
Petitioners assert that they are protected from filing returns, or from introducing any evidence at trial to establish their income and deductions, based on the Fourth and Fifth Amendments of the United States Constitution. They argue that they must be given a grant of immunity from prosecution to protect their rights under these amendments. It is a well settled matter of constitutional law that the Fifth Amendment protects only those disclosures which an individual reasonably believes could be used against him. Kastigar v. United States,406 U.S. 441 (1972); Ryan v. Commissioner,568 F.2d 531 (7th Cir. 1977). Petitioners have refused to shed *488 any light on the criminal prosecutions to which they might be subject were they to testify, to introduce evidence, or to file returns. We observe that, at the time of trial, the statute of limitations on criminal prosecutions had expired for 1971 through 1974, and petitioner Lynn Hill had been specifically advised by mail that the criminal investigations against him for 1977 and 1978 had been closed. Moreover, after checking with the Internal Revenue Service computer, counsel for the respondent stated for the record that neither of the petitioners were the subject of a criminal investigation by the Internal Revenue Service. [2] The evidence before us does not show that petitioners had a reasonable belief that their testimony could subject them to criminal prosecution. Accordingly, we hold that petitioners may not rely on the Fifth Amendment to avoid their tax liabilities in this case. *489 As to petitioners' Fourth Amendment claims, we need only quote the recent language of the circuit court to which this case is appealable: "Appellants' fourth amendment claim is without foundation and utterly devoid of merit. Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure." Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). [3]
Unreported Income and Deductions
Petitioners have introduced no evidence as to their income for the years in issue. As we have discussed, petitioners have the burden of proving that their income was less than the amounts determined by respondent. Rule 142(a), Tax Court Rules of Practice and Procedure. Since they have failed to do so, we find that petitioners received gross income as determined by respondent. At trial, petitioners asserted that respondent did not allow them various asserted medical deductions or cost of *490 goods sold. Deductions are a matter of legislative grace, and petitioners have the burden of showing that they are entitled to them. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). They introduced no evidence concerning these deductions, nor did they offer any evidence as to the purported cost of goods sold. Moreover, Lynn Hill stated that he did not know if he had any relevant records, and he refused to estimate what the expenses might have been. Petitioners have entirely failed to satisfy their burden of proof. Under these circumstances, we sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended during the years in issue.↩
2. Counsel's statement was not sworn testimony. We do not admit it as substantive evidence, but as a statement of his intention and belief. If subsequent criminal prosecution with respect to the years in issue were to occur, it would appear that petitioners could protect themselves by an action to suppress their testimony in this case. See United States v. Blue,384 U.S. 251↩ (1966).
3. We note that in Edwards,↩ the Ninth Circuit saw fit to award double court costs to the government, based on the taxpayer's obvious lack of bona fides.