**UNITED STATES of America,
Appellee,**

v.

**Graziano J. MANCUSO, Appellant.**

**No. 10822.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1967.

Decided Dec. 8, 1967.

Certiorari Denied March 4, 1968.
See 88 S.Ct. 1051.

Norman P. Ramsey, Baltimore, Md. (Thomas Waxter, Jr., and H. Thomas Howell, Baltimore, Md., on brief), for appellant.

Ronald T. Osborn, and Clarence E. Goetz, Asst. U. S. Attys. (Stephen H. Sachs, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN, WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Upon rehearing en banc the opinion of the panel as reported in 378 F.2d 612 is adopted as that of the court. To that opinion we append the following:

After the remedial action taken by the district judge, we are satisfied that the record does not disclose, under the rules laid down in United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), and Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, rehearing denied 386 U.S. 940, 951, 87 S.Ct. 970, 17 L. Ed.2d 880 (1967), such substantial prejudice to the defendant's Fourth, Fifth, and Sixth Amendment rights that it is appropriate to quash the prosecution and discharge the defendant as a matter of constitutional right. But that is not necessarily the end of the matter.

The government sent for and interviewed defendant's accountant, itself a proper procedure, and made legitimate inquiry concerning his knowledge of defendant's tax returns for the prosecution years. But the government did more. Whether at its instance, or by the voluntary act of the accountant, the government availed itself of the accountant's entire file, *including the accountant's communications with counsel and work papers concerning the preparation of a defense.* The government gave notice to defendant's counsel of what was done, but only after it was done.

In argument, the government expressly disclaimed wrongful intent in what it did, and candidly admitted an extreme, even stupid, error of judgment. The government's deficiencies in the proper conduct of this prosecution were not erased by notice to counsel of what was done, after it was done. Nevertheless, we are persuaded that in this case wrongful intent was absent. Except for such absence and the lack of substantial prejudice, we would dismiss the prosecution and discharge the defendant under our supervisory power over the district courts of this circuit.