865 F.2d 268
 10 U.S.P.Q.2d 1319
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HALEM INDUSTRIES, INC., Plaintiff/Cross-Appellant,
v.
FASCO INDUSTRIES, INC., Defendant-Appellant.
 Nos. 88-1273, 88-1296.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1988.
Rehearing Denied Jan. 25, 1989.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Western District of North Carolina, No. SH-C-86-190 (Feb. 2, 1988), in accordance with the jury verdict in favor of Halem Industries against Fasco Industries for $44,000 for trademark infringement, unfair competition, and false designation of origin, and the order denying Halem's motions for JNOV and for a new trial are affirmed. We also affirm the district court's directed verdict against Halem on its demand for punitive damages for Fasco's unfair competition.
 
 OPINION
 
 2
 In reviewing a pendent trademark claim on appeal in a patent-trademark case like this one, we apply the law of the circuit in which the case was tried. Bandag, Inc. v. Al Bosler's Tire Stores, Inc., 750 F.2d 903, 909, 223 USPQ 982, 986 (Fed.Cir.1984); Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984). The Fourth Circuit views trademark infringement as a question of fact. Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1526, 224 USPQ 185, 187 (4th Cir.1984) (applying the "clearly erroneous" standard to review a finding of trademark infringement after bench trial); see also Transportation, Inc. v. Mayflower Serv., 769 F.2d 952, 955 n. 3, 227 USPQ 47, 49 n. 3 (4th Cir.1985) (same standard applies to finding of false designation of origin). Accordingly, we consider whether the jury's findings are supported by substantial evidence.
 
 
 3
 Likelihood of confusion is the essence of trademark infringement. See 15 U.S.C. Sec. 1114(1) (1982); Pizzeria Uno, 747 F.2d at 1527, 224 USPQ at 187; Williams v. Lykens Hosiery Mills, 233 F.2d 398, 401, 109 USPQ 328, 331 (4th Cir.1956). Both Halem and Fasco produced vacuum switches for automobiles designed to increase a car's acceleration rate by temporarily shutting off the air conditioner during acceleration. Halem's mark Pass Pickup and Fasco's Passmaster are similar. Both companies' instruction sheets had identical slogans, similar phrasing, and nearly identical drawings. We believe a reasonable jury could have found there was a likelihood of confusion between the two marks and that Fasco's mark was infringing.
 
 
 4
 Fasco would avoid this evidence by arguing its customers dictated the instruction sheet needed and it merely provided them. The jury found this explanation wanting and we see no reason to disagree.
 
 
 5
 The argument that no reasonable jury could find $44,000 in damages because only 638 vacuum switches with the infringing instruction sheet were sold, also is unavailing. Fasco failed to produce evidence of the number of switches sold from when it first began selling them in January 1980 until its first invoice in September 1981. The jury permissibly could draw an adverse inference from this failure to produce. See Blow v. Compagnie Maritime Belge (Lloyd Royal) S.A., 395 F.2d 74, 79 (4th Cir.1968); cf. United States v. Mancuso, 378 F.2d 612, 616 (4th Cir.), modified on other grounds, 387 F.2d 376 (4th Cir.1967).
 
 
 6
 As for Halem's cross-appeal for punitive damages under its state unfair competition claim, we need not decide whether Florida or North Carolina law applies. In both states, "[t]he court is to decide at the close of evidence whether there is a legal basis for recovery of punitive damages...." Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978); accord Kuykendall v. Turner, 61 N.C.App. 638, 643, 301 S.E.2d 715, 719 (1983). There must be some form of egregiousness in the complained of conduct. See Wackenhut, 359 So.2d at 435; Oestreicher v. American Nat'l Stores, 290 N.C. 118, 134, 225 S.E.2d 797, 807 (1976) (plaintiff must show the wanton and malicious or oppressive character of defendant's acts).
 
 
 7
 Here there was evidence of copying, but no other evidence of deliberate wrongdoing. Fasco's failure to produce evidence of sales of vacuum switches from January 1980 to September 1981 might support a discovery sanction but is not a proper basis for punitive damages. The district court did not abuse its discretion by refusing to send Halem's demand for punitive damages to the jury.