J-S43041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WHEELER | : | |
| | : | |
| Appellant | : | No. 2428 EDA 2021 |

Appeal from the PCRA Order Entered November 4, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004849-1982

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 29, 2023**

Ronald Wheeler appeals *pro se* from the order dismissing his ninth Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant challenges the constitutionality of the PCRA time bar and argues that the PCRA court erred in dismissing his petition as untimely. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. **See** PCRA Ct. Op., 4/13/22, at 1-7. Briefly, in 1983, Appellant was convicted of first-degree murder and related offenses. Although Appellant was initially given a death sentence, our Supreme Court later vacated Appellant's death sentence and remanded to the trial court for re-sentencing. **Commonwealth v. Wheeler**, 541 A.2d 730, 737 (Pa. 1988). On remand, the trial court re-sentenced Appellant to a term of life

_____

[1] 42 Pa.C.S. §§ 9541-9546.

imprisonment without the possibility of parole, and this Court affirmed that sentence on appeal. **See Commonwealth v. Wheeler**, 565 A.2d 823 (Pa. Super. filed Aug. 9, 1989) (unpublished mem.). Appellant did not file a petition for allowance of appeal with our Supreme Court. Following his direct appeal, Appellant filed eight petitions for relief pursuant to the PCRA, as well as several federal challenges to his conviction, all of which were ultimately denied.

Appellant filed the instant *pro se* PCRA petition, his ninth, on April 17, 2019. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing on July 1, 2021. Appellant filed a motion to amend his PCRA petition, which was accompanied by an amended petition on July 20, 2021.[2] On August 12, 2021, Appellant filed a Rule 907 response.

The PCRA court issued an order denying Appellant's motion to amend and dismissing Appellant's PCRA petition on November 4, 2021. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion concluding

_____

[2] We note that a PCRA court is not required to grant leave to file an amended petition in cases where the petitioner's claim is record-based and the issue does not fall within a PCRA timeliness exception. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

that Appellant's petition was untimely and that Appellant failed to establish an exception to the PCRA time bar.[3]

On appeal, Appellant raises the following issues for our review:

1. Is the construction/application of the PCRA time requirements of 42 Pa.C.S. § 9545(b)(1), (2) as jurisdictional, contrary to the plain language of the statute/legislative intent and, if so, are PCRA time provisions actually claim-processing rules that do not deprive court of jurisdiction if not met but are subject to waiver/forfeiture if not invoked, and does said application of PCRA time provisions as jurisdictional/PCRA court invoking time requirements *sua sponte*, alter operation of time requirements as intended by legislature and violate the Due Process Clause of the 14th Amendment of U.S. Const. as a result?

2. Were findings of the PCRA court as to timeliness/waiver of claims raised in the April 2019 petition not supported by the record and, if not, should said findings be rejected and relief on substantive claims granted where Commonwealth elected

---

[3] On May 5, 2022, Appellant filed a petition to remand for correction of the record. Specifically, Appellant contended that numerous documents were omitted from the certified record. On May 16, 2022, Appellant filed an application for relief, wherein he requested that this Court remand the case to the PCRA court for the PCRA court to comply with the mandates of Rule 1925. On June 14, 2022, this Court entered a *per curiam* order denying both of Appellant's motions. However, this Court indicated that Appellant had the right to raise challenges to the PCRA court's Pa.R.A.P. 1925(a) opinion in his brief. **See** Order, 6/14/22.

On October 13, 2022, Appellant filed a motion with this Court for these matters to be stayed pending the resolution of Appellant's petition for court to assume plenary jurisdiction, which he filed with our Supreme Court. **See Commonwealth v. Wheeler**, 113 MM 2022. On November 8, 2022, this Court entered a *per curiam* order denying appellant's motion to stay.

- 3 -

not to invoke PCRA time requirements and/or oppose claims on their merits?

3. Did [the] PCRA court abuse its discretion in failing to afford Appellant opportunity under Pa.R.Crim.P. 905(B) to cure defects identified by [the] PCRA court where said defects were curable by amendment, and in denying leave to amend under Pa.R.Crim.P. 905(A) where predicate facts of proposed amended petition claims were discovered after original petition had been filed and leave to amend was sought while [the] original PCRA petition was still pending and [the] Commonwealth did not object to amendment?

Appellant's Brief at 2 (formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgement of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).

Here, this Court affirmed Appellant's judgment of sentence on August 9, 1989. Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final on September 8, 1989. **See** 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration

of the time for seeking the review). Accordingly, Appellant had until September 10, 1990,[4] to file a timely PCRA petition.[5] **See** 42 Pa.C.S. § 9545(b)(1). Appellant's instant PCRA petition, filed on April 17, 2019 is therefore facially untimely.

In his brief, Appellant contends that his petition is timely because he "alleged/proved [that the] Commonwealth suppressed operative facts of claims and those facts were unknown to Appellant/could not have been ascertained by the exercise of due diligence."[6] Appellant's Brief at 17. Appellant notes that, at trial, his defense was that the victim "had been killed by rival drug dealers who were informants for members of the Bristol Township Police department who also were attempting to frame Appellant and [Frank] Osborne" for the victim's murder. **Id.** Appellant alleges that on April 7, 2019, he read two federal cases that addressed investigations into members of the

---

[4] September 8, 1990, fell on a Saturday; accordingly, Appellant had until the following business day, Monday, September 10, 1990, to timely file his PCRA petition. **See** 1 Pa.C.S. § 1908.

[5] We note that due to amendments to the PCRA enacted in 1995, Appellant had until January 16, 1997, to timely file his first PCRA. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002). That deadline did not apply to second or subsequent PCRA petitions, regardless of when the first was filed. **Id.** (citation omitted). Here, because Appellant filed his first PCRA petition on March 26, 1990, he was not entitled to the grace period set forth by **Fairiror**.

[6] We note that while Appellant refers to evidence that was "suppressed by the Commonwealth," it is clear that he is actually raising a newly discovered facts exception to the PCRA time bar, rather than a claim of governmental interference.

Bristol Township Police Department, which was the arresting agency in Appellant's underlying case. *Id.* (citing *Iseley v. Bucks Co.*, 549 F. Supp. 160 (E.D. Pa. 1982); *United States v. Osborne*, 424 F. Supp. 70 (E.D. Pa. 1976)). Appellant argues that, upon reading those cases, he "learned for the first time" of allegations of police misconduct within the Bristol Township Police Department. Appellant's Brief at 17.

To establish the newly discovered fact exception to the PCRA time bar, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Brown*, 111 A.3d at 176-77 (citation omitted and formatting altered). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* at 176. A petitioner raising this exception "must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Id.* (citations omitted). However, Section 9545(b)(1)(ii) "does not require any merits analysis of an underlying after-discovered-evidence claim." *Id.* at 177 (citation and footnote omitted).

Here, the PCRA court addressed Appellant's claim as follows:

[T]here is no "exculpatory evidence" let alone "facts" that were unknown to [Appellant]. The "facts" [Appellant] discovered were caselaw dating back prior to his trial where police misconduct was alleged. He did not even plead that any officers named in those unrelated cases were in any way involved in his case. After reviewing his proffered cases, . . . [the PCRA] court found that those cases were not and did not contain newly discovered facts that warrant an exception to the time-bar under 42 Pa.C.S. § 9545(b)(1)(ii).

PCRA Ct. Op. at 9-10.

Based on our review of the record, we conclude that the PCRA court's finding is supported by the record and free from legal error. **See Lawson**, 90 A.3d at 4. As noted by the PCRA court, Appellant's newly discovered fact claim is based on two cases that were decided before Appellant's trial in 1988. **See** PCRA Ct. Op. at 9. Although Appellant states that he discovered this information in 2019, he has failed to explain why he could not have learned of these facts earlier with the exercise of due diligence. **See Brown**, 111 A.3d at 176-77. Therefore, Appellant has failed to establish the newly discovered fact exception to the PCRA time bar. **See id.** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2023